### In re Doo Woon.

(*District Court, D. Oregon.*   December 15, 1883.)

1. RETURN TO HABEAS CORPUS.
     Unless the return to a writ of *habeas corpus* shows that the caption and detention are legal at the time of the service of the writ, the prisoner ought to be discharged; and a return showing a caption and detention upon valid process since such service, is not sufficient.

2. WARRANT OF EXTRADITION.
     A warrant for the arrest and return of a fugitive from justice must recite or set forth the evidence necessary to authorize the state executive to issue it, and unless it does it is illegal and void.

3. HABEAS CORPUS—JURISDICTION OF.
     A person arrested under a warrant of extradition from one state of the Union to another "is in custody under or by color of the authority of the United States," and the national courts have jurisdiction to inquire by *habeas corpus* into and determine the legality of the same.

On *Habeas Corpus.*
*William H. Adams,* for prisoner.
*James Gleason,* for respondent.

DEADY, J.   On December 11, 1883, a writ of *habeas corpus* was allowed by me, directed to William H. Watkinds, chief of police of Portland, and returnable before this court on the following day, commanding him then and there to produce the body of Doo Woon, together with the time and cause of his caption and imprisonment. The writ was allowed on the petition of one Do Ki, alleging that Doo Woon is a subject of the Chinese empire, and a resident of this state; that he was then imprisoned in the jail of Portland by said chief of police, "by reason of a warrant issued by the governor of Oregon, for the purpose of extradition to the state of California," which warrant is insufficient to authorize the arrest or imprisonment of said Doo Woon, because it does not appear therefrom that he has committed or is charged with the commission of any specified crime, but only with the crime of felony generally; and that the petitioner is unable to set forth or state the nature of the warrant more particularly because the said chief of police refused to allow him a copy thereof. The writ was served on the same day, and at the time appointed the respondent produced the prisoner in court, and by consent was allowed until the next day to make his return, when he answered that he detained Kong Keog Hoon, named in the writ Doo Woon, awaiting the departure of the steamer for California, by virtue of a warrant of extradition charging him with the commission in the state of California of the crime of felony, to-wit, feloniously and unlawfully embezzling and converting to his own use the personal property of Suen Sing, to the value of $230, which warrant is dated December 12, 1883. To this return there was a demurrer, and it appearing on the argu-

ment that the warrant set out in the return was not the one upon which the caption was made and the prisoner detained at the time of the service of the writ, but that it issued after such service, and that the warrant under which the prisoner was so detained did not describe or set forth the specific crime with which the prisoner was charged, otherwise than as alleged in the petition, the court ordered the discharge of the prisoner. See *In re Farez*, 7 Blatchf. 48. The prisoner was then arrested on the second warrant, and on December 14th a second writ of *habeas corpus* was allowed on a petition denying the fleeing from justice, the commission of the crime charged, and the identity of the prisoner and the person described in the warrant as Koong Keok Hoon, and directed as before and made returnable forthwith. On this writ the body was again produced and the same return made as to the first one, to which there was also a demurrer.

In the argument the point was made by counsel for the prisoner that it does not appear from the warrant that the requisition from the executive of California was accompanied by "a copy of an indictment or affidavit" charging the prisoner with the commission of the crime charged therein, or any other, as required by section 5278 of the Revised Statutes. The right of one state of the Union to demand from another the delivery of a person who has fled from justice, depends upon the constitution of the United States, (article 4, § 2;) and the mode of proceeding and the evidence necessary to support such demand is prescribed by the statute of the United States. Sections 5278, 5279, Rev. St. Consequently, this is a case arising under the constitution and laws of the United States, and in which the prisoner is in custody under order or by color of the authority of the United States," and therefore this court has jurisdiction. The executive of this state, in allowing the requisition of the executive of California, acts under the authority of the United States statute, and must conform to its directions and limitations. *Kentucky* v. *Dennison*, 24 How. 66. One of these is that before he can allow a warrant of extradition he must be furnished with a copy of an indictment or affidavit charging the person demanded with the commission of a crime against the laws of California. Without this he has no jurisdiction. A case for the exercise of his authority, in this respect, is not presented, and so far does not exist. And the warrant must bear upon its face the evidence that it was duly issued, and therefore, unless it recites or sets forth the indictment or affidavit upon which it is founded, it is illegal and void. *Ex parte Smith*, 3 McLean, 121; *Ex parte Thornton*, 9 Tex. 635. The removal of a person from one state, as a fugitive from justice, is a matter of the highest importance, and cannot be made upon less evidence of the party's guilt and flight, than would authorize a warrant and arrest in an ordinary case. And this, both by the constitution of the United States and of this state, is nothing less than information on oath, which gives probable cause to believe that the person demanded has committed a particular

crime against the law of the state making the demand, and that he has fled therefrom on that account.

The caption and detention of the prisoner are clearly illegal and void, and he must be discharged therefrom; and it is so ordered.