Ex parte DAWSON.

(Circuit Court of Appeals, Eighth Circuit.　October 5, 1897.)

No. 908.

1. INTERSTATE EXTRADITION—EXTRADITION WARRANT—SUFFICIENCY OF RECITALS.

An extradition warrant reciting that it is issued pursuant to the requisition of the governor of another state, that said requisition is accompanied by a copy of the indictment against the party demanded, and that said copy of the indictment is certified by the governor of the demanding state to be "in due form," is sufficient, under the statutory requirements of section 5278, Rev. St. U. S.; the expression, "certified to be in due form," being equivalent to, and in substantial compliance with, the statutory words, "certified as authentic."

2. SAME—HABEAS CORPUS.

A federal court will not, on habeas corpus, discharge a prisoner charged with the violation of the criminal laws of one state, and apprehended in another, where it appears by the recitals contained in the warrant by virtue of which he was arrested, and by the record of the extradition proceeding, that no right, privilege, or immunity secured him by the constitution and laws of the United States will be violated by remanding him to the custody of the agent of the demanding state. And the court will seek to uphold the actions of the executive, provided they appear to be in good faith.

Appeal from the District Court of the United States for the Western District of Arkansas.

W. A. Falconer, for appellant.

Before BREWER, Circuit Justice, SANBORN, Circuit Judge, and RINER, District Judge.

RINER, District Judge.　In November, 1896, L. P. Dawson filed his petition for a writ of habeas corpus in the district court for the Western district of Arkansas; alleging that he was unlawfully restrained of his liberty by one M. C. Rushin, contrary to the constitution and laws of the United States.　The writ was issued, and on the return day the respondent made his return thereto, as follows:

"Comes M. C. Rushin, and produces herein the body of Oliver P. Jones, who describes himself in the petition herein as L. P. Dawson, and states to the court that he has the said Dawson, alias Jones, in his custody under and pursuant to the following authority: The said Oliver P. Jones was indicted by the grand jury of Marion county, in the state of Georgia, for the crime of murder, and became a fugitive from the justice of the state of Georgia.　That the governor of the state of Georgia appointed your respondent, M. C. Rushin, agent of the state of Georgia, to arrest, receive, and convey back to the state of Georgia the aforesaid Oliver P. Jones, and, pursuant to such appointment [your respondent], proceeded to the state of Arkansas with a requisition from the governor of the state of Georgia to the governor of the state of Arkansas for the arrest and surrender to said Rushin of the said Oliver P. Jones, and accompanied therewith a copy of the indictment, certified by the governor of Georgia to be in due form.　That pursuant to said requisition the governor of the state of Arkansas did on the 12th day of November, 1896, issue his warrant to the sheriff of Sebastian county, commanding him to take into custody the body of Oliver P. Jones, and deliver him to this respondent, M. C. Rushin; and pursuant to his duty in the premises this respondent, on the 13th day of November, 1896, received said Oliver P. Jones from the custody of the sheriff of Sebastian county, and is detaining him under said authority, and desires to proceed forth-

with with him to the state of Georgia, and would have proceeded ere this but for the writ from this honorable court. Your respondent herewith tenders his appointment as agent of the state of Georgia, and the warrant of the governor of Arkansas, a copy of which is attached, and the return of the sheriff of Sebastian county, and prays that he be discharged herewith, and permitted to proceed with his duties, as agent of the state of Georgia, in conveying said Oliver P. Jones to be delivered to the justice of that state.

"M. C. Rushin."

"State of Arkansas to the Sheriff of Sebastian, Greeting: Whereas, W. Y. Atkinson, governor of the state of Georgia, has, by his writ or requisition, accompanied by a copy of indictment in said state of Georgia, demanded the body of Oliver P. Jones, charged in the said state with the crime of murder, and said governor has certified that the accompanying indictment against said Jones is in due form: To the end, therefore, that justice may be done in the premises, you are hereby commanded to take the body of said Oliver P. Jones, and safely keep, and that you cause him to be delivered to M. C. Rushin, the agent of the state of Georgia, to be taken to said state, that he may be dealt with as law and justice may require. And all sheriffs, coroners, constables, and other officers to whom this writ may be shown are enjoined herein to aid and assist you in the execution thereof; and do you make due return of this writ.

"In testimony whereof, I have hereunto set my hand, and caused to be affixed the great seal of the state of Arkansas. Done [Great Seal.] at the city of Little Rock this the 12th day of November, in the year of our Lord one thousand eight hundred and ninety-six.
James P. Clarke,
"Governor of Arkansas.

"H. B. Armistead,
"Secretary of State."

"State of Arkansas, County of Sebastian.

"I certify that, having the within-named Oliver P. Jones in my custody, I did on the 13th day of November, 1896, deliver his body to the within-named M. C. Rushin, as herein commanded.
T. W. Bugg, Sheriff."

To this return the petitioner demurred, and the demurrer was overruled. The petitioner then filed a reply to the return, and on the hearing the issues of fact raised by the reply were determined in favor of the respondent, and the petitioner was remanded to the custody of the respondent. Thereupon he prayed an appeal to this court.

The only assignment of error urged upon the attention of the court by the petitioner as a ground for reversing the order of the district court is in the following words:

"It does not appear therein [by the return or the warrant of the governor of Arkansas] that the copy of the indictment accompanying the requisition of the governor of Georgia had been certified by said governor of Georgia to be duly authenticated."

While it is not necessary to the sufficiency of an extradition warrant, when attacked on habeas corpus, that it shall set out in full a copy of the indictment or affidavit upon which it is based, or that it be accompanied by such affidavit or indictment, yet a warrant for the arrest and return of the fugitive criminal must recite or set forth, in substance, the evidence necessary to authorize the state executive to issue it; and, where the requisition, and the copy of the indictment accompanying it, are not made a part of the return, and the warrant alone, as in this case, is before the court, it must show (1) that a demand by requisition has been made for the party in custody, as a fugitive from justice; (2) that the requisition was accompanied by

a copy of an indictment or affidavit charging the commission of an offense; (3) that the copy of such indictment or affidavit was certified by the governor of the state making the demand as authentic. Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291; Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148; In re Doo Woon, 18 Fed. 898; Ex parte Smith, 3 McLean, 121, Fed. Cas. No. 12,968; People v. Donohue, 84 N. Y. 438. The sufficiency of the warrant issued by the governor of Arkansas for the arrest and return of the petitioner is not questioned, except in one particular. It is insisted that the recital in the warrant that the governor of Georgia "has certified that the accompanying indictment against said Jones is in due form" does not comply with the requirements of the statute, and is therefore illegal and void. Section 5278 of the Revised Statutes of the United States makes it the duty of the executive authority of the state to which a person charged with crime has fled to cause the arrest of the alleged fugitive from justice whenever the executive authority of any state or territory demands such person as a fugitive from justice, and produces a copy of an indictment found or affidavit made before a magistrate of any such state or territory, charging the person demanded with having committed a crime therein, certified as authentic by the governor or chief magistrate of the state from whence the person so charged has fled. The question presented for our determination is whether the recital, certified to be "in due form," is equivalent to a recital that the copy of the indictment accompanying the requisition was "certified as authentic," and therefore a substantial compliance with the requirements of the statute. The rules by which this question must be determined are the rules applicable to the construction of statutes by which the intention of the lawmaker is to be arrived at. As between the states of the Union, the whole subject of extradition is regulated and governed by positive law. The law of congress was passed in conformity to the provisions of the federal constitution upon the subject, and we must suppose that the object of the law was to furnish the means by which the constitutional provision could be fairly and impartially carried into effect between the states. It is a copy of the indictment found or affidavit made charging the person demanded with having committed a crime that is required to be certified as authentic by the statute. The statute makes this requirement because otherwise the executive of a state upon whom the demand is made might be imposed upon by what purported to be a true copy of such an indictment, but which in fact might be a spurious copy. The genuineness of the copy, however, is not to be ascertained by a resort to any technical rule for ascertaining the fact; nor need the fact be made to appear in any set form of words, or even in the words of the statute requiring the authentication. All that can be required is that the language employed by the demanding governor, in the requisition, understood in its ordinary meaning, shall show that the copy of the indictment upon which the requisition is made is genuine. The language of the recital in the warrant is, certified to be "in due form"; and it is now insisted by the petitioner that this is not the equivalent of the statutory words, "certified as authentic," and means only that the indictment, according to the established method of ex-

pression or practice in Georgia, regularly and legally charges a crime. We cannot adopt this construction of the recital. The language of the recital, fairly construed, we think, is the equivalent of the statutory words, and is a substantial compliance with the act of congress which requires the copy to be "certified as authentic," for the reason that it negatives the idea that the copy is spurious or fictitious, and shows that it is genuine, which is the only purpose of this provision of the statute.

That the federal courts have jurisdiction in cases of interstate extradition has never been questioned. Undoubtedly the courts of the United States have jurisdiction, on habeas corpus, to discharge from custody a person who is restrained of his liberty in violation of the constitution or laws of the United States, although he may be held under state process for an alleged offense against the laws of such state. The right of one state of the Union to demand from another the delivery of a person who has fled from justice depends upon the constitution of the United States, and the mode of proceeding and the evidence necessary to support such demand are prescribed by the statute of the United States. It therefore follows that, when the executive of a state, upon whom a demand has been made for the surrender of a fugitive from justice, causes, by virtue of his warrant, the arrest of the person charged as a fugitive from the justice of another state, the prisoner is in custody under color of authority derived from the constitution and laws of the United States, and is entitled to invoke the judgment of its courts as to the legality of his arrest. A federal court will not, however, on habeas corpus, discharge a prisoner charged with a violation of the criminal laws of one state, and apprehended in another, where it appears by the recitals contained in the warrant by virtue of which he was arrested, and the record of the extradition proceedings, that no right, privilege, or immunity secured to him by the constitution and laws of the United States will be violated by remanding him to the custody of the agent of the state demanding him. While the liberty of the citizen is, of course, always to be carefully guarded, yet, when the executive of a state in which the alleged fugitive from justice is found is satisfied of the integrity of the proceedings to secure his surrender, the federal courts will not be technical in seeking excuses for the purpose of overthrowing the decision of such executive, and discharging the alleged fugitive. They will rather seek to uphold any such proceedings carried on in apparent good faith. The order of the district court remanding the appellant to the custody of the respondent, as the agent of the state of Georgia, is affirmed.