## Ex parte F. R. WILDMAN.

No. A-2969.   Opinion Filed November 9, 1917.

(168 Pac. 246.)

1.   **HABEAS CORPUS—Extradition Warrant—Accusation of Crime —Question of Law.**   The question as to whether the person demanded and detained on an extradition warrant is substantially charged with a crime is a question of law, which on the face of the papers is open to inquiry on writ of **habeas corpus.**

2.   **EXTRADITION—Warrant—Evidence.**   The extradition warrant is **prima facie** proof, but not conclusive proof, that the requirements of the statute were complied with before the issuance of the warrant.

Petition of F. R. Wildman for writ of *habeas corpus* to release from detention on an extradition warrant.   Writ denied.

*J. W. Bartholomew* and *W. J. Davidson,* for petitioner.

*S. P. Freeling,* Atty. Gen., *R. McMillan.* Asst. Atty. Gen., and *T. E. Robertson,* for respondent.

DOYLE, P. J.   On March 27, 1917, there was filed with the clerk of this court a petition for writ of *habeas corpus,* which was presented to the presiding judge, alleging that F. R. Wildman was unlawfully restrained of his liberty by the sheriff of Oklahoma county; that the pretense of said restraint is a warrant, issued by the Governor of Oklahoma upon a requisition from the Governor of Colorado, "predicated upon an alleged complaint or information charging the said F. R. Wildman with the crime of perjury, committed in Chaffee county, in the State of Colorado, on the 1st day of August, 1916, in an action pending in the county court of said county and state," and "that said restraint is illegal and unauthorized, for

the reason that said requisition is informal and not in compliance with and conformity to the acts of Congress in relation to extradition and governing said matter, for the reason that the said alleged complaint or information attached to said requisition is not certified as authentic by the Governor of the State of Colorado, and for the further reason that said alleged complaint or information is not positively and certainly verified as required by law," and "that said requisition and copy of said alleged complaint and information attached thereto fails to show or to charge that the said F. R. Wildman is accused of the commission of a felony or other crime under the laws of the State of Colorado so as to make the same the basis for a prosecution for felony, to wit, the crime of perjury, as is attempted to be charged in said information," and that no criminal action was or is pending against petitioner in the State of Colorado, and praying that said petitioner be forthwith discharged from custody. Thereupon the Presiding Judge issued a writ of *heabeas corpus*, returnable before the court upon the following day, at which time the sheriff appeared with petitioner and made return that he detained the petitioner under and by virtue of an extradition warrant from the Governor of this state upon a requisition issued by the Governor of Colorado, and a warrant purporting to be issued by Charles L. Poston, a justice of the peace in and for Chaffee county, Colo., upon a complaint filed before him, wherein F. R. Wildman is charged with the commission of the crime of perjury. Upon agreement of the parties the hearing on the petition and the return thereto was set for May 1st, and the petitioner was admitted to bail in the sum of $2,500.

The Constitution of the United States, art. 4, par. 2, provides that a person charged in any state with treason,

felony, or other crime, who shall flee from justice and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime.    Section 5278, U. S. Rev. Stat. (U. S. Comp. St. 1916, sec. 10126), provides the steps necessary to be taken for the arrest and delivery of fugitives from justice.    A careful examination of the record shows that all these steps have been complied with.   It appears that an affidavit was filed before a justice of the peace in and for Chaffee county, Colo., charging the petitioner with the crime of perjury, and said justice of the peace has duly certified that the same is a true copy of the original affidavit, and that said case is now pending before him as a magistrate.    The prosecuting attorney of Chaffee county as a witness testified that said affidavit was prepared by him as such prosecuting officer.    It appears that the affidavit or complaint is duly verified by the positive oath of the complaining witness.    It also appears that the requisition is in ordinary form, properly certified and attested properly by the great seal of the State of Colorado.

It is therefore ordered that the writ be discharged, and the petitioner is remanded to the custody of the respondent.

ARMSTRONG and MATSON, JJ., concur.