<hr />

BELL v. CORLESS, Sheriff.

No. 3577.   Decided March 14, 1921.   (196 Pac. 568.)

1. HABEAS CORPUS—ERRORS, NOT SPECIFICALLY ASSIGNED, MAY BE
   CONSIDERED ON APPEAL. Notwithstanding the general rule that
   specific rulings, acts, or omissions relied on as error must
   be pointed out in the assignment of errors, the Supreme Court,
   in a habeas corpus proceeding, having original concurrent
   jurisdiction with the district courts in such proceedings, would
   consider questions fairly raised by appellant and argued by
   counsel for both sides, although not specifically assigned.

2. EXTRADITION—AUTHENTICATION OF PAPERS ANNEXED TO REQUISI-
   TION HELD SUFFICIENT. Where the requisitioning Governor, in
   his requisition, certified, "Whereas it appears from the an-
   nexed papers, duly authenticated in accordance with the laws
   of this state, that" accused "stands charged," after which a

statement followed, showing the crime with which accused was charged, and the requisition was duly signed by the Governor of the requisitioning state, and the so-called "annexed, papers," attached to the requisition by means of brass fasteners, were all duly authenticated by the proper officials, with the official seals attached, *held* that the authentication by the Governor of the annexed papers was sufficient, although the Governor did not in terms certify the genuineness of the papers, nor identify them by marking them as exhibits by number or letter in their order.

3. EXTRADITION—COMPLAINT CHARGING ACCUSED WITH CRIME HELD SUFFICIENT COMPLIANCE WITH FEDERAL STATUTES. Complaint, charging accused with highway robbery, making the charge positively and directly, not by an official who had no personal knowledge respecting the facts, but by the very person against whom the offense was committed, *held* sufficient in extradition proceedings; it taking the place and answering the purposes of the affidavit referred to in the federal statutes.

4. EXTRADITION—VENUE OF COMPLAINT HELD SUFFICIENT. Where the complaint in extradition proceedings was made "in the probate court of the county of" B. in the demanding state before the "probate judge," and was certified to by said judge under the seal of said court, and the complaint on its face showed that it was taken and sworn to in said B. county, the venue sufficiently appeared on the face of the complaint to render the complaint sufficient in extradition proceedings.

Appeal from District Court, Third District, Salt Lake County; *H. M. Stephens,* Judge.

Habeas corpus by Mike Bell against John S. Corless, Sheriff of Salt Lake County. From judgment denying relator's application for discharge, he appeals.

AFFIRMED.

*Walton & Walton* and *J. W. Rozzelle,* all of Salt Lake City, for appellant.

*Ben E. Roberts,* of Salt Lake City, for respondent.

FRICK, J.

One Mike Bell, hereinafter called appellant, obtained a writ of habeas corpus from the district court of Salt Lake county upon the alleged ground that he was being restrained unlawfully of his liberty by the defendant as sheriff of said county. The defendant, in due time, made return to the writ, in which it was made to appear that the defendant held appellant as an alleged fugitive from justice upon a warrant of arrest issued by the Governor of this state, which was based upon a requisition or demand of the Governor of the state of Idaho. Upon a hearing and the return of the defendant the district court entered judgment denying the appellant's application for discharge from said imprisonment and remanded him to the custody of the defendant. The appeal is from that judgment.

The only error assigned, stating it in the language of the assignment, is:

"The court erred in its judgment in refusing to discharge the appellant and in remanding him to the custody of the respondent."

It must be obvious to all that such an assignment would embrace every possible ground of error, whether the same had been raised in the court below and considered by it or not. Ordinarily, this court requires that the specific rulings, acts, or omissions of the court that are relied on as error be pointed out in the assignment of errors. In view, however, that this is a habeas corpus proceeding, and that this court has original concurrent jurisdiction with the district courts in such proceedings, we shall consider all questions that are fairly raised by appellant, and which have been argued by counsel for both sides, although not specifically assigned.

The first objection urged is that the requisition is insufficient, in that it is not properly authenticated, and that the papers referred to as the "annexed papers" are not properly identified and certified by the Governor of Idaho. The Governor of Idaho, in his requisition, certifies as follows:

"Whereas, it appears from the annexed papers, duly authenticated in accordance with the laws of this state, that Mike Bell stands charged," etc.

Then follows a statement showing the offense or crime with which appellant is charged. That statement is followed in the usual form by requesting the arrest of the accused and his delivery to the person named as agent of the state of Idaho. The requisition is duly signed by the Governor of Idaho, and is attested by the Secretary of State under the great seal of the state of Idaho. The so-called "annexed papers," which are attached to the requisition by means of brass fasteners, are the following: (1) The appointment by the Governor of Idaho of one John W. Norton as the agent of the state of Idaho to receive said Mike Bell as a fugitive from justice. The appointment is signed by the Governor of Idaho, and is attested by the Secretary of State.. (2) An application by the prosecuting attorney of Bonneville county, Idaho, to the Governor of Idaho, for the requisition, in which the grounds for the requisition are fully stated. This application is duly authenticated by the clerk of the district court of Bonneville county, Idaho, with the seal of said court attached. (3) The complaint charging Mike Bell with the crime of highway robbery committed by him on the 25th day of September, 1920, in the county of Bonneville, state of Idaho. The complaint is certified to as authentic by the probate judge of Bonneville county, before whom it was sworn to. (4) A warrant for the arrest of Mike Bell, issued by the probate judge of Bonneville county, Idaho, certified to as genuine, with the seal of said court attached. (5) The affidavit of A. E. Owen, the prosecuting attorney of Bonneville county, Idaho, in which affiant states under oath that Mike Bell stands charged with the crime of highway robbery in Bonneville county, Idaho; that the offense is a felony under the laws of said state; that Mike Bell is a fugitive from justice, and that the application for extradition is made in good faith, and not for improper purposes. (6) The affidavit of C. E. Cribble, deputy sheriff of Bonneville county, Idaho, stating under oath that Mike Bell stands charged with the crime of highway robbery in Bonneville county aforesaid, and that he is a fugitive from justice. Both of the foregoing affidavits are sworn to before the probate

judge of Bonneville county, state of Idaho, and the seal of
said court is attached thereto. (7) A certificate of the clerk
of the district court of Bonneville county, Idaho, certifying
to the genuineness of the signature of A. E. Owen, and that
he is the prosecuting attorney of said county. This certificate
has the seal of the district court of Bonneville county at-
tached. The defendant also produced the warrant of arrest
issued by the Governor of the state of Utah, which is not
assailed. It will thus be seen that the so-called "annexed
papers" attached to the requisition are all duly authenticated
by the proper officials, with the official seals attached. The
special objection urged by counsel for appellant, however, is
that the foregoing papers are not sufficiently authenticated or
certified by the Governor of Idaho, for the reason that in
the requisition he merely stated "whereas, it appears from
the annexed papers duly authenticated in accordance with
the laws of this state that Mike Bell stands charged," etc.;
that he does not certify to the genuineness of the annexed
papers. It may not be inappropriate to state here that in
view that the federal laws respecting interstate rendition or
extradition have been in force for upwards of a century and
a quarter, and hence have been passed on almost innumerable
times by the courts during that time, it seems almost incred-
ible that there still should be doubt and controversy respect-
ing the forms that are used by the governors in the several
states in making requisition for the return of fugitives from
justice. While the federal statute does not prescribe any
form of authentication, yet the intention of the statute that
there should be proper identification and authentication of
the papers forming the basis of the request is clear, and the
only question here is whether the provisions of the statute
have been substantially complied with. The question respect-
ing the sufficiency of the authentication by the Governor of
the demanding state was before the Supreme Court of Min-
nesota in the case of *State ex rel. Denton* v. *Curtis,* 111 Minn.
240, 126 N. W. 719. In that case the authentication of the
Governor was in the precise terms that it is in the case at
bar, and it was held sufficient. In passing on the question
the court said:

"It is further claimed that the copy of the affidavit was not duly certified as authentic by the demanding Governor. A certified copy of the affidavit, with other papers, was attached to the demand, the requisition warrant, and was certified  *  *  *  in these words:  'It appears from the annexed papers, duly authenticated in accordance with the laws of this state.' "

It was held that the authentication of the Governor was sufficient. To the same effect is *State* v. *Bates,* 101 Minn. 303, 112 N. W. 260. In the case of *Ex parte Sheldon,* 34 Ohio St. 319, an authentication by the demanding Governor in the precise form that it is in this case was held sufficient. To the same effect is *Ex parte Dawson,* 83 Fed. 306, 28 C. C. A. 354, and In the *Matter of Manchester,* 5 Cal. 237. The foregoing cases were all cases in which on habeas corpus proceedings the lower courts had adjudged the authentications sufficient, and the judgments of the lower courts were affirmed on appeal. In passing it may be of interest to state that in 8 Ency., Forms, pp. 482 to 485, forms of requests by the Governor of one state upon the Governor of a sister state are given. According to some of those forms the Governor certifies that the annexed or attached papers are duly authenticated according to the laws of the demanding state, and, further, that he certifies such papers to be genuine or authentic, while in another form the authentication or· certification by the Governor is in the language of the requisition in the case at bar. Both forms have therefore been· approved and used. While it would be more satisfactory, perhaps, and would leave no room for doubt or question, if the demanding Governor in terms certified that the papers attached or annexed to the requisition and marked "a," "b," "c," etc., or "1," "2," "3," etc., are duly authenticated in accordance with the laws of the demanding state, and, further, that, they are genuine, yet, in view that the statute prescribes no form of certification, the form of certification, to some extent at least, is a matter that is within the discretion of the Governors of the several states, so long as the provisions of the federal statutes are substantially complied with.

In view of the authorities cited, and in the light of what

has been said, we feel constrained to hold that the authentication or certification of the Governor of Idaho is a sufficient compliance with the federal statute.

It is further contended, however, that the so-called complaint in which appellant is charged with highway robbery is not in compliance with the federal statute, and is therefore insufficient as a basis for a requisition. The contention is not tenable. The objection now under consideration is fully met and disposed of adversely to appellant's contention by the Supreme Court of Minnesota in the case of *State ex rel. Denton* v. *Curtis, supra*. Moreover, the so-called complaint in this case is not a mere statement or recital that a certain crime was committed, but it is a direct charge under oath that the accused on a certain day, in the county of Bonneville and state of Idaho, did commit the offense, by stating the facts constituting the same in proper and concise language. The charge is positive and direct, and is made, not by an official who had no personal knowledge respecting the facts, but is made by the very person against whom the offense was committed. The complaint in the case at bar **3** meets every objection urged against the granting of a requisition, which is based entirely upon information which is made by an official by way of recital, and not upon actual knowledge of the facts as appears from the case of *Ex parte Hart,* 63 Fed. 249, 11 C. C. A. 165, 28 L. R. A. 801, and in *Ex parte Morgan* (D. C.) 20 Fed. 298. The complaint in this case states all of the essential facts constituting the offense, and is sworn to in positive terms. It therefore takes the place and answers the purposes of the affidavit referred to in the federal statute and is sufficient both in form and in substance.

Nor is the contention tenable that the complaint is insufficient because the venue is omitted. While it is true that the venue is not stated in the usual form, yet the venue sufficiently appears from the face of the complaint. The complaint is made "in the probate court of the county of Bonneville, state of Idaho," before the "probate judge," and is certified to by said judge under the seal of said court. Again, the com-

plaint on its face shows that it was taken and sworn to in said Bonneville county in the state of Idaho. The venue, therefore, sufficiently appears on the face of the complaint, and the mere fact that it is not stated in the usual form as is the case in ordinary affidavits is of no consequence. If this were an indictment, the venue would not appear in the usual form of an affidavit, but would appear merely upon the face thereof. That is sufficient. The question was decided in accordance with the foregoing statement in the case of *Commonwealth* v. *Quin*, 5 Gray (Mass.) 478. In that case, after discussing the necessity for stating the venue, the court, in the course of the opinion, said:

"However this may be, if the county sufficiently appear in the body of the complaint, the want of venue in the margin would not be more material than it is in an indictment."

Counsel, however, insist that the statement of the venue was essential in order to show that the official before whom the complaint was made had authority to administer the oath to the plaintiff. While that may be conceded, yet, as hereinbefore pointed out, that fact is made to appear in several ways from the face of the complaint, and also from the accompanying certificates.

The further contention that the papers referred to by the Governor of Idaho as the ''annexed papers'' are not sufficiently identified is without merit. While it is true that it would have been more explicit and formal if they had been referred to as exhibits, and each exhibit had been identified by a letter or number, yet even that would only make the identity appear with greater certainty to the authorities of Utah. As before pointed out, however, each paper upon its face not only bears prima facie evidence of its genuineness, but, as it seems, to us, the evidence of genuineness is all but conclusive, and hence the suggested method of identification was wholly unnecessary.

After carefully considering the objections of appellant, we can discover no valid reason why the judgment of the district court should not prevail. The judgment is therefore affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and THUR-
MAN, JJ., concur.