## Ex parte C. P. OFFUTT.

No. A-4493.    Opinion Filed March 18, 1925.
(234 Pac. 222.)

(Syllabus.)

1. **Extradition—Governor to be Furnished, Before Issuing Warrant, with Copy of Indictment Found or Affidavit Made Before Magistrate in Demanding State Charging Fugitive with Crime.** The federal statute (U. S. Comp. St. § 10126) relative to interstate extradition makes it essential to the right to arrest an alleged fugitive from justice, under a warrant of the executive of the state where he is found, that such executive shall be furnished, before issuing his warrant with a copy of an indictment found or an affidavit made before a magistrate in the demanding state, charging the fugitive with crime committed by him in such state.

2. **Habeas Corpus—Inquiry as to Whether Person Detained on Extradition Warrant is Substantially Charged with Crime.** The question as to whether the person demanded and detained on an extradition warrant is substantially charged with a crime is a question of law, which on the face of the papers is open to inquiry on writ of habeas corpus.

3. **Extradition—Warrant for Extradition Based on Insufficient Affidavit, Complaint, or Information.** Unless the affidavit, complaint, or information charges the person sought with the commission of a crime, it is fatally defective, and a warrant for his extradition is unauthorized.

4. **Forgery—Instrument Signed as Agent for Maker not Subject of Forgery.** An instrument, showing on its face that the person who executed it signed it as agent for the maker, cannot be the subject of forgery.

5. **Habeas Corpus—Inquiry as to Good Faith of Prosecution in Extradition Cases.** In extraditon cases, the question of the good faith of the prosecution is always open to inquiry on habeas corpus.

Petition of C. P. Offutt for writ of habeas corpus. Writ allowed.

Lillard & Edwards, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for respondents.

DOYLE, J. The petition for writ of habeas corpus shows that the cause of restraint as alleged is by virtue of an executive warrant, issued by the Governor of the State of Oklahoma on a requisition made by the Governor of the State of Ohio. Petitioner avers that he was not granted an opportunity to be heard before the Governor of this state upon said application for a requisition, and that no legal charge has been filed against petitioner in the state of Ohio, which would authorize his restraint, and further avers that he is not now and has never been a fugitive from the state of Ohio. The writ issued to respondents W. J. Clark, chief of police of Oklahoma City, and C. E. Martin, agent of the state of Ohio.

Respondents admit by answer that they have petitioner in their custody by virtue of an executive warrant issued by the Governor of this state authorizing and empowering respondent C. E. Martin, as agent of the state of Ohio, to take and transport and deliver said petitioner to the authorities of the county of Sioto in the state of Ohio, in order that he may be tried there on a charge of forgery.

Upon a hearing upon the petition the evidence showed that an affidavit charging forgery of the name of a firm in Cincinnati, Ohio, to a check for $12, which check was signed by petitioner, as the agent of said firm, was filed by the county attorney of Sioto county, in a court of that county.

Petitioner, C. P. Offutt, testified that he was a resident of Oklahoma county, and had lived here practically all his life; that he had been and was employed by the firm whose name he signed as agent, to a check in payment of expense incurred in such employment; that the prosecution was not instituted in good faith, but is the result of a controversy existing between petitioner and his em-

ployer concerning settlement of certain claims against him, as shown by his correspondence with said firm.

Respondent Martin produced the original instrument, signed by petitioner, upon which the charge of forgery was based, and it was signed by petitioner as the agent of the principal. Thereupon the Attorney General conceded that the same was insufficient upon which to predicate a charge of forgery.

In State v. Taylor, 46 La. Ann. 1332, 16 So. 190, 25 L. R. A. 591, 49 Am. St. Rep. 351, it was held by the Supreme Court of Indiana:

"An instrument showing on its face that the person who executed it signed as agent for the maker cannot be the subject of forgery, although such agent acted without authority."

In People v. Bendit, 111 Cal. 274, 43 P. 901, 31 L. R. A. 831, 52 Am. St. Rep. 186, the Supreme Court of California held:

"To constitute forgery, there must be the making of a writing which falsely purports to be the writing of another. A false statement of fact in the body of the instrument, or a false assertion of authority to write another's name, or to sign his name as agent, by which a person is deceived and defrauded, is not forgery. To make it such there must be a design to pass as the genuine writing of another person, that which is not his writing."

In Compton v. State of Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16 Ann. Cas. 1098, it was held:

"The federal statute relative to interstate extradition. * * * makes it essential to the right to arrest an alleged fugitive from justice, under a warrant of the executive of the state where he is found, that such executive shall be furnished, before issuing his warrant, with a copy of an indictment found or an affidavit made before a magistrate in the demanding state, charging the fugitive with crime committed by him in such state."

Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544, is to the effect that the papers must make it appear that the person demanded is substantially charged with a crime against the laws of the state, from whose justice he is alleged to have fled, by an indictment or an affidavit certified by the Governor as authentic.

In People v. Brady, 56 N. Y. 186, it was held that unless the affidavit charges the person sought with the commission of a crime, it is fatally defective, and a warrant for his rendition is unauthorized.

Ex parte Morgan (D. C.) 20 F. 298, is to the effect that the affidavit must be so explicit and certain that if it is laid before a magistrate it would justify him in committing the accused to answer the charge.

In Ex parte Thomas, 53 Tex. Cr. R. 37, 108 S. W. 663, it was held that—

"An executive warrant in extradition proceedings which fails to name the offense alleged to have been committed in the foreign state, and is neither accompanied by an indictment nor a complaint disclosing the nature of the offense, is fatally defective."

It was the opinion of the court that under the statute requiring the Governor to certify the authenticity of the complaint on which he demands extradition, and the failure to furnish the Governor of this state with a copy of the affidavit made before a magistrate in the demanding state, the requisition papers were insufficient upon which to base the issuance of the executive warrant in this state.

In Ex parte Wildman, 14 Okla. Cr. 150, 168 P. 246, this court held that—

"The question as to whether the person demanded and detained on an extradition warrant is substantially charged with a crime is a question of law, which on the

face of the papers is open to inquiry on writ of habeas corpus."

In the present case it was the opinion of the court that the affidavit or complaint produced in evidence on the hearing was wholly insufficient to charge petitioner with the commission of the crime of forgery, and that for this reason a warrant for his extradition was unauthorized.

In every extradition case the question of the good faith of the prosecution is always open to inquiry on habeas corpus.

In People ex rel. Wegener v. Magerstadt, 12 Am. Cr. Rep. 382, it is said:

"It never was intended that the act of Congress, passed to carry out this provision of the Constitution, should be used to set in motion the machinery of the executive departments of two states at the instance of a private person, to enable such person to gratify his malice, or to aid him in enforcing the collection of a debt."

For the reasons stated, it was adjudged and ordered that the writ be allowed and petitioner be discharged from custody.

MATSON, P. J., and BESSEY, J., concur.