## Ex parte H. C. HILL.

No. A-6163.   Opinion Filed April 21, 1926.
(245 Pac. 663.)

F. H. Reily, for petitioner.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for respondent.

DOYLE, J.   In the petition for writ of habeas corpus, it is averred that H. C. Hill is illegally restrained of his liberty by Frank Fox, sheriff of Pottawatomie county. The cause of restraint as alleged is by virtue of an executive warrant, issued by the Governor of this state on requisition from the Governor of Arkansas, accompanied by a copy of the charge as follows:

"In the Justice Peace Court of Van Buren Township. Before W. H. McKinney, Justice of Peace.

"State of Arkansas v. H. C. Hill.

"Information.

"Comes Dave Partain, prosecuting attorney within and for the Fifteenth judicial circuit of Arkansas, of which Crawford county forms a component part, and alleges that there are reasonable grounds to believe that H. C. Hill has committed the offense of forgery and uttering forged instrument as follows: That said defendant did on the 20th day of October, 1925, in the county and state aforesaid, unlawfully and feloniously did forge and counterfeit the name of Steve Bullington to a certain writing or paper, purporting to be a note, with the willful, unlawful, and felonious intent then and there to cheat and defraud the said Steve Bullington of his money and property, against the peace and dignity of the state of Arkansas. Wherefore said prosecuting attorney prays that a warrant of arrest be issued for said defendant to the end that he may be apprehended and brought before the court to be dealt with as the law directs. Dave Partain, Prosecuting Attorney."

And certified as follows:

"State of Arkansas, County of Crawford:

"In the Justice Court of Van Buren Township.

"I, W. H. McKinney, a justice of the peace within and for the township of Van Buren, in said county and state, duly commissioned and acting, do hereby certify that this is true and correct copy of the information filed in my office on the 30th day of March, 1926.

"W. H. McKinney, J. P."

It is averred that said unverified information is insufficient to sustain said extradition warrant and therefore said extradition proceedings are null and void; that the proceedings are not brought in good faith and are only brought for the purpose of collecting a note petitioner owes a bank in Crawford county, Ark., and that

the officers of said bank have offered to dismiss said proceedings if petitioner would pay said note.

The Attorney General does not contend with great confidence that the so-called information is sufficient to support the extradition warrant.

The act of Congress (Act Feb. 12, 1793, §1 [U. S. Comp. St. § 10126]), vitalizing the extradition provision of the federal Constitution, provides that the executive authority of the demanding state, in addition to making the demand, must—

"produce a copy of an indictment found or an affidavit made before a magistrate of any state or territory, * * * charging the person, * * * demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the state or territory from whence the person so charged has fled."

The demand or requisition of the Governor of Arkansas in this case is not based on an indictment found or any affidavit made before a magistrate, but is based on what purports to be an information signed by Dave Partain, prosecuting attorney, without verification, and is not supported by affidavit.

In Ex parte Hart, 63 F. 249, 11 C. C. A. 165, 28 L R. A. 801, the United States Circuit Court of Appeals held that, although such state may regulate its own practice and substitute the use of information for indictment, to entitle it to the benefits of the extradition laws the act of Congress must be complied with, and that no extradition should be granted unless the requisition was accompanied by a copy of an indictment found or affidavit made before a magistrate charging a crime. Goff, Circuit Judge, delivering the opinion of the court, used the following language:

"The information is verified by the prosecuting attorney, who swears that he believes the contents thereof

to be true, not that they are true. This is not such charging of the commission of a crime before a magistrate of the state as is contemplated by the statute. For the purposes of an affidavit to be used for the arrest and removal of a fugitive from justice, this is not sufficient. The affidavit required in such cases should set forth the facts and circumstances relied on to prove the crime, under the oath or affirmation of some person familiar with them, whose knowledge relative thereto justifies the testimony as to their truthfulness, and should not be the mere verification of a court paper by a public official, who makes no claim to personal information as to the subject-matter of the same. Ex parte Smith, Fed. Cas. No. 12968, 3 McLean, 121; In re Doo Woon [D. C.] 18 F. 898; Ex parte Morgan [D. C.] 20 F. 298. By requiring such an affidavit, the liberty of the citizen is, to a great extent, protected, and the executive upon whom the demand is made is thereby enabled to determine if there is cause to believe that a crime has been committed. To authorize a removal of a citizen of Maryland to the state of Washington for trial on a charge of crime something more than the oath of a party unfamiliar with the facts that he believes the allegations of an information to be true should be required, and is demanded by the law. To hold otherwise would enable irresponsible and designing parties to make false charges with impunity against those who may be the subjects of their enmity, and permit them, after they have caused public officials to believe their representations, to secure the arrest, imprisonment, and removal of innocent persons on papers regular in character, but without merit and fraudulent in fact."

It seems to be well settled that the copy of the affidavit that accompanies the requisition should be a copy of an affidavit which is made in due conformity with law.

In Roberts v. Reilly, 6 S. Ct. 291, 116 U. S. 80, 29 L. Ed. 544, it is held that the papers must make it appear that the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled, by an indictment or an affidavit certified by the Governor as authentic.

Upon the record before us we are of opinion that the requisition issued by the Governor of Arkansas did not comply with the law, and that the Governor of this state was not furnished with a copy of either an indictment found or affidavit, made as required by section 5278 of the Revised Statutes of the United States (U. S. Comp. St. § 10126).

It is therefore adjudged and ordered that the writ be allowed and the petition discharged.

BESSEY, P. J., and EDWARDS, J., concur.