# Ex parte L. N. BROWN.

No. A-6619.   Opinion Filed Sept. 22, 1927.
(259 Pac. 280.)

Blanton, Osborn & Curtis, for petitioner.

The Attorney General and Mac Q. Williamson, for respondents.

DOYLE, P. J.   The petition for writ of habeas corpus shows that the cause of restraint, as alleged, is by virtue of an executive warrant issued by the Governor of the state of Oklahoma on a requisition made by the Governor of the state of Kansas.

It is averred that the purported affidavit is insufficient in law to charge the commission of an offense against the laws of the state of Kansas and is insufficient to charge a crime against this petitioner, and that the order of arrest and detention is illegal and void.   That application has heretofore been made to Tom P. Pace, Judge of the Fourteenth Judicial District, for a writ of habeas corpus, and that upon a hearing thereof said writ was denied.

The writ issued to respondents R. D. Blanton, sheriff of Garvin county, and E. R. Chapin, agent of the state of Kansas, returnable May 25, 1927.

A certified copy of the original affidavit filed in said court on May 18, 1927, is as follows:

"In the City Court of Wichita, in and for Wichita City Township, in said County and State. The State of Kansas v. L. N. Brown.

Affidavit.

"State of Kansas, Sedgwick County—ss:

"———, being duly sworn, on oath and says that on the 1st. day of April, A. D. 1927, in the county of Sedgwick and state of Kansas, one L. N. Brown did then and there unlawfully, feloniously, intentionally, and with the intent to cheat and defraud the mortgagee, the Commercial Investment Company, a corporation, organized and existing under and by virtue of the law, conceal the following personal property, to wit: One Hudson brougham automobile, motor No. 419234, serial No. 723098, of the value of $1,786, on which said personal property there was a valid and existing mortgage in the sum of $1,298 theretofore given by the said L. N. Brown to the said Commercial Investment Company, as aforesaid, the said Commercial Investment Company having a lien on all of said property by virtue of said mortgage and note secured thereby in the amount of $1,298; that there is now due and owing on said note and mortgage the sum of $1,049; that both said note and said mortgage are valid and subsisting obligations and in full force and effect; that said mortgage is, in words and figures, as follows, to wit:

"That the said L. N. Brown concealed the said personal property with the intent then and there to cheat and defraud, and did then and there cheat and defraud, the said Commercial Investment Company, as aforesaid, out of the said sum of $1,049, contrary to.

"William H. Jordan.

"Subscribed and sworn to before me this 18th day of May, 1927. H. T. Dedrick, Judge of the City Court of

Wichita, in and for Wichita City Township, Sedgwick County, Kansas."

Annexed to the complaint is a copy of the purported mortgage, which is unsigned, and which does not recite that the same was given by petitioner, L. N. Brown, or any other person.

It is well settled that the question as to whether the person demanded and detained on an extradition warrant is substantially charged with a crime is a question of law, which on the face of the papers is open to inquiry on writ of habeas corpus. Ex parte Wildman, 14 Okla. Cr. 150, 168 P. 246.

Unless the affidavit, the complaint or information charges the person sought with the commission of a crime, it is fatally defective, and a warrant for his extradition is unauthorized. Ex parte Offutt, 29 Okla. Cr. 401, 234 P. 222; Ex parte Hill, 34 Okla. Cr. 120, 245 P. 663.

In Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544, it is held that the papers must make it appear that the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled by an indictment or affidavit, certified by the Governor as authentic.

In the instant case, it was the opinion of the court that the affidavit or complaint as shown by the petition and the respondents' answer was insufficient to charge petitioner with the commission of any offense, in that it omitted the name of the complaining witness and the verification was insufficient, and that for this reason the warrant for his extradition was unauthorized.

For the reasons stated, it was adjudged and ordered that the writ be allowed and petitioner be discharged from custody.

EDWARDS and DAVENPORT, JJ., concur.