## Ex parte C. F. BREENE.

No. A-9740.   Oct. 11, 1945.
(162 P. 2d 559.)

Wheeler & Mounger, of Oklahoma City, for petitioner.

Harold Zimmer, Co. Atty., of Dodge City, Kan., Mac Q. Williamson, Atty. Gen., and Sam Lattimore, Asst. Atty. Gen., for respondent.

PER CURIAM. The petition for writ of habeas corpus and the response to the rule to show cause entered and writ issued thereon show that C. F. Breene, petitioner, was arrested in Oklahoma City to answer a charge filed against him before the county judge of Ford county, Kan., acting as an examining magistrate and pursuant to a copy of a warrant issued by said county judge, charging that petitioner did feloniously "deliver to Mrs. A. E. Casey, his certain check in writing, drawn upon the First National Bank of Salina, Kansas, in the sum of $23.00, knowing at the time of the uttering and delivering of said check that he had no funds on deposit in or credit with said bank" a copy of said check in letters and figures are as follows, to wit:

```
" 'Salina, Kan.              9/12         1938·       No—
   FIRST NATIONAL BANK     ·                      83-656
   Pay to the order of Mrs. A. E. Casey                    $23.00
   Twenty-Three & No/100                            DOLLARS
                                      C. F. Breene'
   Endorsed by Mrs. A. E. Casey
   Subscribed and sworn to before me this 31st day of August, A. D.
   1939.
                              Richard W. Evans
                                   Justice of the Peace."
```

It is alleged that respondents, O. W. Barnes, undersheriff, and Harold Zimmer, county attorney, of Ford county, Kan., are attempting and will unless restrained by writ or process by this court take your petitioner to Dodge City, Kan., for debt, that the aforementioned par-

ties acting conjointly and without due process of law are restraining this petitioner and are attempting to take him out of the State of Oklahoma without due process of law.

It is averred no legal charge has been filed against petitioner in the State of Kansas to authorize his restraint, and that he is now and has never been a fugitive from the State of Kansas, and that he is now, and has at all times mentioned been, a resident of Oklahoma.

The response, filed September 25th, states "that petitioner was arrested by the Police Department of Oklahoma City, to answer a charge filed against him before the county judge of Ford county, Kan., acting as an examining magistrate and pursuant to a copy of a warrant issued by said county judge, charging said petitioner with the commission of a felony, in the giving of a worthless check" and concludes:

"Respondents further state that upon this day a request from the Governor of the State of Kansas for the extradition of petitioner to said State of Kansas to answer the aforesaid charge has been presented to the Governor of Oklahoma and after a hearing duly had and held, said extradition has been granted and warrant issued by the Governor of the State of Oklahoma for the delivery of said petitioner to the representatives of said State of Kansas."

Thus it appears that respondents admitted that they have petitioner in custody by virtue of the executive warrant issued by the Governor of this state, authorizing respondent, O. W. Barnes, as agent of the State of Kansas to take, transport and deliver said petitioner to Ford county, Kan., in order that he may be there tried upon the aforesaid charge.

September 23rd, writ issued and made returnable September 25, 1939. On that day, following the testimony of petitioner as a witness in his own behalf, upon the request of respondent, Harold Zimmer, the further hearing of the case was passed to October 3rd. On said date the case was again continued on his request to October 17th, and petitioner enlarged on his appearance bond. On October 17th, petitioner appeared and by request of said respondent cause was again continued to November 27th. On said date petitioner appeared and by request of said respondent, Zimmer, cause was passed to January, 1940, term of court, at which time the cause was continued on request of said respondent to the March term of court. During the March term of court Mr. Zimmer, county attorney of Ford county, failing to appear, at the regular or adjourned term, petitioner was released, pending further order of the court.

On May 16th, the cause was submitted on the pleadings; the testimony taken in the cause, and brief filed by petitioner and answering brief by respondent, filed October 16, 1939.

It was announced that the writ would be granted and opinion to be filed later, Mr. Zimmer having stated that he intended to file proceedings that would meet the objections heretofore interposed in this case.

We deem it sufficient to say that in Ex parte Offutt, 29 Okla. Cr. 401, 234 P. 222, 224, this court held:

"The question as to whether the person demanded and detained on an extradition warrant is substantially charged with a crime is a question of law, which on the face of the papers is open to inquiry on writ of habeas corpus."

In Ex parte Wildman, 14 Okla. Cr. 150, 168 P. 246, this court held:

. "The extradition warrant is prima facie proof, but not conclusive proof, that the requirements of the statute were complied with before the issuance of the warrant."

Section 5278, U.S. Rev. Stat., 18 U.S.C.A. § 662, provides the steps necessary to be taken for the arrest and delivery of fugitives from justice.

In the instant case it appears from the record that a purported complaint was filed before a justice of the peace, which was not signed by Mrs. A. E. Casey, complaining witness, and it appears that the alleged warrant upon which petitioner was arrested issued from the county court of Ford county, and it does not appear in which court the said case was then pending.

On the face of the record it appears that the complaint as set forth in the response and as shown by the original complaint introduced on the hearing as evidence on the part of the respondent, bears no filing mark in any court, merely concludes:

"Subscribed and sworn to before me this 31st day of August, A. D. 1941.

Richard R. Evans, Justice of the Peace."

It is sufficient to say that in this case it was the opinion of the court that the affidavit or complaint introduced in evidence was insufficient to charge petitioner with the commission of the crime of passing a worthless check, and was at variance with the allegations of the response of said respondent, agent for the State of Kansas, and that for this reason it would serve no useful purpose to review other questions presented. It was therefore adjudged and ordered that the writ be allowed and the petitioner be discharged.