**HAYES v. O'CONNELL et al.**

No. 28964.

St. Louis Court of Appeals.

Missouri.

Dec. 18, 1953.

Wm. J. Becker, Clayton, for petitioner.

Harrison W. Hollie, Asst. Circuit Atty., Wm. G. Sparrow, St. Louis, for respondents.

HOUSER, Commissioner.

Upon the petition of James Anthony Hayes we issued our writ of habeas corpus upon the alleged ground that he was being unlawfully restrained of his liberty by respondents, the Chief of Police, Sheriff, Warden of the City Jail, and a sergeant of the Police Department of the City of St. Louis. Respondents filed their return to the writ asserting in justification of the restraint that petitioner was detained as a fugitive from justice by virtue of a warrant of rendition issued by the Governor of Missouri, based upon a demand of the Governor of Illinois for the extradition of petitioner to answer a charge of armed robbery in Illinois. Petitioner filed his answer to the return, this court conducted a hearing, and the cause is now for determination on the issues joined.

The first question is whether the rendition warrant of the Governor of Missouri is illegal and void for the reason that the demand or requisition of the Governor of Illinois was not accompanied by a copy of an indictment found or by information supported by affidavit made before a magistrate of Illinois. The federal statute, which is the basis for extradition, provides as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and

shall cause the fugitive to be delivered to such agent when he shall appear." U.S.C.A., Tit. 18, Ch. 209, Extradition, § 3182.

The demand or requisition of the Governor of Illinois was accompanied by numerous documents, among which a certified copy of the following appeared:

"Justice's Affidavit And Warrant

"State Of Illinois, ⎫ SS.
"County Of Macon. ⎭

"Mike Frank being first duly sworn, upon oath complains that James Hayes, 5223 Bouldwer, St. Louis, Missouri, at the County of Macon, in the State of Illinois, on the 20th day of August, A. D. 1953 while armed with a certain dangerous weapon, to-wit: A gun, feloniously and violently did make an assault upon one Mike Frank, and did then and there put the said Mike Frank in bodily fear and danger of his life and against the will of the said Mike Frank, did then and there feloniously and violently by force and intimidation, steal, take and carry away from the person of the said Mike Frank, Ten Thousand Dollars, good and lawful money of the United States of America, and of the value then and there of Ten Thousand Dollars and of the property then and there of the said Mike Frank, contrary to the form of the Statute in such case made and provided, and therefore the said Mike Frank prays that a warrant may issue as provided by law.

"Subscribed and sworn to before me this 28th day of August, A. D. 1953. "Harry H. Sackriter, "Justice of the Peace. ⎱ Mike Frank, Affiant

"Witnesses: ..................................................

"State Of Illinois, ⎫ SS
"County Of Macon ⎭

The People Of The State Of Illinois To any Sheriff or Coroner of said County, Greeting:

"Whereas, Mike Frank has this day made complaint under oath before me, Harry H. Sackriter, one of the Justices of the Peace within and for said County, in the words and the figures in the above and foregoing complaint set forth.

"You are commanded, in the name and by the authority of the People, to arrest the said James Hayes and bring him forthwith before me, or in case of my absence or inability to act, before some other Justice of said County, to answer said complaint, and be dealt with according to law.

"Given under my hand and seal this 28th day of August, A. D. 1953.
    "Harry H. Sackriter    (SEAL)
        "Justice of the Peace."

We rule that the certified copy of the above affidavit of Mike Frank constituted "a copy of * * * an affidavit made before a magistrate" of a state within the requirements of the federal statute and that the same was sufficient as a basis for extradition. Bell v. Corless, 57 Utah 604, 196 P. 568.

Petitioner points out, however, that Section 548.031 RSMo 1949, V.A.M.S., relating to extradition prohibits the Governor of Missouri from recognizing any demand for extradition unless the demand be "accompanied by a copy of an indictment found or by information supported by affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, * * *" and argues that no such *information* accompanied the demand. If our General Assembly, by the passage of § 548.031, supra, intended to impose further and additional requirements than those imposed by the Act of Congress, § 3182, supra (a point which we are not now determining), its act would be void to the extent that it impaired the full operation of the Constitution of the United States, Art. IV, Sec. 2, Cl. 2, and the laws of Congress. State ex rel. Taylor v. Blair, 358 Mo. 345, 214 S.W.2d 555, 557; 22 Am. Jur., Extradition, § 9, pp. 249, 250. Our General Assembly might require less than Congress requires, but not more. The demanding State of Illinois complied with the federal act by producing a copy of an af-

fidavit made before a magistrate charging petitioner with the commission of a felony, and its demand should have been honored whether or not the demand complied with the requirements of the Missouri extradition act. We do not regard the presence or absence of the "information," etc., as material, for the federal act requires no more than the copy of the affidavit which accompanied the demand.

■ The next question is whether the papers accompanying the demand or requisition of the Governor of Illinois were properly authenticated. Petitioner claims that the requisition was accompanied by certain papers authenticating the identity of the officials who requested the Governor of Illinois to issue his requisition but that the Governor of Illinois did not authenticate any of the papers accompanying the requisition.

The demand and requisition follows:
"State of Illinois
Executive Department

"The Governor of the State of Illinois

"To the Governor of the State of Missouri

"Whereas, It appears by the papers required by the Statutes of the United States which are hereunto annexed, and which I certify to be * * * duly authenticated in accordance with the Laws of this State, that James Hayes stands charged with the crime of Armed Robbery which I certify to be charged under the Laws of this State, committed in the County of Macon in this State and it having been represented to me that he has fled from the justice of this State and has taken refuge in the State of Missouri

"Now, Therefore, pursuant to the provisions of the Constitution and the Laws of the United States in such case made and provided, I do hereby require that said James Hayes be apprehended and delivered to C. W. Peebles who is hereby appointed to receive and convey Him to the State of Illinois, there to be dealt with according to Law.

"In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of State, at the Capitol in the City of Springfield, this 28th day of August, 1953.

(SEAL)      "William G. Stratton
                 "By the Governor:

                 "Charles Carpentier
                      "Secretary of State"

The "annexed papers" consist of the following:

(1) A Petition for a Requisition directed to the Governor of Illinois and executed by Kenneth E. Evans, State's Attorney for Macon County, Illinois, in which the grounds for requisition are fully stated. This paper was subscribed and sworn to before the Clerk of the County Court of said county.

(2) A certificate signed by Gus T. Greanias, Judge of the County Court of said county, that the ends of justice require the return of James Hayes.

(3) A certificate of Lawrence Tangney, County Clerk of said county, certifying to the genuineness of the signatures of Kenneth E. Evans and Gus T. Greanias and that they are State's Attorney and Judge of the County Court, respectively, of said county.

(4) A certificate of Gus T. Greanias, Judge of the County Court of said county, certifying to the genuineness of the signature of Lawrence Tangney and that he is the duly qualified clerk of said county court.

(5) The affidavit and warrant above set forth, duly certified by the justice of the peace as a true and correct copy of the original complaint and affidavit wherein Mike Frank is complainant and James Hayes is the accused, and of the original warrant for the arrest of James Hayes.

(6) A certificate of the clerk of the county court of said county certifying to the genuineness of the signature of Harry H. Sackriter and that he is a justice of the peace of said county.

(7) An affidavit by Glenn W. Kerwin, Chief of Police of the City of Decatur, Illinois, subscribed and sworn to before Lawrence Tangney, county clerk as aforesaid, implicating James Hayes as the perpetrator of the crime in question.

(8) An affidavit of Mike Frank subscribed and sworn to before Lawrence Tangney, county clerk as aforesaid, relating the facts surrounding the armed robbery, and reciting that the return of James Hayes is sought in good faith for the sole purpose of prosecution.

The papers accompanying the requisition are all duly authenticated by the proper officials, with official seals attached. We are clearly of the opinion that the laws requiring the proper execution and authentication of the papers forming the basis of the request have been fully complied with and that the authentication of the Governor of Illinois is sufficient. In this connection see Bell v. Corless, supra; State ex rel. Denton v. Curtiss, 111 Minn. 240, 126 N.W. 719.

The last question for our consideration is whether petitioner is unlawfully restrained of his freedom on the ground that he is not the person who committed the robbery charged to have occurred in Illinois. Petitioner states that since the issuance of the rendition warrant four persons, being all of the persons who witnessed the robbery, have positively identified another, one Leonard Voss, as the person who committed the robbery, thus exonerating petitioner; that the person who swore to the affidavit upon which the rendition warrant issued has since identified Leonard Voss as the person guilty of the robbery; that as a consequence the rendition warrant was based upon a mistake of identity, and that we should inquire into the true identity of the person sought to be charged with said robbery, under Section 548.201 RSMo 1949, V.A.M.S. The latter section provides that the guilt or innocence of the accused as to the crime with which he stands charged may not be inquired into in any proceeding after the demand for extradition shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime. There is no question (it was conceded in the oral arguments) that petitioner is the same James Hayes who was charged by the affidavit of Mike Frank with the armed robbery in question. The question of mistaken identity raised by petitioner, if established, would constitute a complete defense to the charge. It bears directly upon the question of the guilt or innocence of the accused as to the crime with which he is charged. That question is one properly to be addressed to the Illinois court in which petitioner may be brought to trial on the criminal charge, but with that question we cannot be concerned because of the express prohibition contained in § 548.201, supra.

Petitioner having failed to show that he is unlawfully restrained of his liberty, it is the recommendation of the Commissioner that he be remanded to the custody of respondents.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The petitioner is, accordingly, remanded to the custody of respondents.

BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.