STATE ex rel. CHARLES R. DENTON v. CHARLES H. CUR-
TIS.[1]

June 10, 1910.

Nos. 16,732—(236).

**Extradition — warrant of rendition — burden of proof on fugitive.**

The relator was taken into custody by the respondent pursuant to a warrant of rendition for his arrest and surrender to South Dakota as a fugitive from justice. Upon a review on habeas corpus of the extradition proceeding, *held:*

1. The warrant of rendition was not void because it recited that the relator was charged by complaint with a crime, instead of by affidavit, it appearing from the return that the complaint was verified, and was in form and legal effect an affidavit made before a magistrate charging the relator with the crime.

2. The certificate of authentication need not be in any particular form. It is sufficient if it shows that a copy of an indictment or affidavit annexed to the requisition is authentic. The certificate in this case was sufficient,

[1]Reported in 126 N. W. 719.

which was in these words: "It appears from the annexed papers, duly authenticated in accordance with the laws of this state."

3. The warrant of rendition is presumptive, but not conclusive, evidence that the person demanded is a fugitive from justice, and places upon him the burden of showing that he is not.

Appeal by relator from an order of the district court for Lincoln county, Olsen, J., discharging a writ of habeas corpus and remanding relator to the custody of the sheriff of that county. Affirmed.

*Louis P. Johnson,* for appellant.
*Warren Miller,* for respondent.

START, C. J.

Appeal by the relator from an order of the district court of the county of Lincoln, discharging the writ of habeas corpus herein, and remanding him to the custody of the respondent as sheriff of that county. The matter was heard in this court upon the petition for the writ, and the amended return of the respondent thereto. It appears therefrom that a demand was made upon the Governor of this state by the Governor of the state of South Dakota for the surrender of the relator to that state as a fugitive from justice. Thereupon the Governor of this state honored the requisition warrant, and issued his warrant of rendition to the respondent as such sheriff, directing him to arrest the relator and deliver him to the agent of the demanding state. The respondent, in obedience to such warrant, arrested the relator, and now detains him in custody by virtue thereof. The relator here contends that the requisition papers and warrant of rendition are not legally sufficient to justify his arrest and delivery to the agent of the demanding state.

1. The first objection to be considered is that the warrant of rendition is void, because it states that the relator stands charged by complaint, instead of by affidavit, with the crime of seduction for the purposes of prostitution, alleged to have been committed in the state of South Dakota.

It is essential to the validity of the requisition that it be accompanied by a copy of an indictment found or affidavit; hence a warrant

of rendition, which recites that the fugitive stands charged by complaint with a crime in the demanding state, is not a sufficient return to justify his arrest and detention, unless the copy of the complaint, showing that it has all of the essentials of the required affidavit, is also produced in connection with the return. State v. Richardson, 34 Minn. 115, 24 N. W. 354. The warrant of rendition in this case recites that the relator, "Charles Denton, stands charged by complaint in the county of Beadle, in the state of South Dakota, with the crime of seduction for purposes of prostitution, alleged to have been committed on the 21st day of April, A. D. 1910, in the county of Beadle, said state of South Dakota, a copy of which was duly produced and annexed to the demand, duly certified to as authentic by the said R. S. Vessey, Governor of the state of South Dakota, which said charge as set forth in said complaint is made criminal by the laws of such state."

The copy of the complaint annexed to the requisition of the Governor of South Dakota is made a part of the respondent's return to the writ, and shows that the complaint referred to in the warrant of rendition is a verified complaint in form, and in legal effect an affidavit made before a magistrate charging the relator with the crime of seduction for purposes of prostitution with sufficient certainty to show that the crime had been committed. The warrant of rendition in connection with the affidavit—that is, the verified complaint—shows a compliance with the statute (section 5278, R. S. [U. S.] [U. S. Comp. St. 1901, p. 3597]) providing that the demanding Governor must produce "a copy of an indictment found or affidavit made before a magistrate   *   *   *   charging the person demanded" with a crime. State v. Bates, 101 Minn. 303, 112 N. W. 260.

In reaching this conclusion we have not overlooked the claim of relator's counsel that the affidavit charges the commission of the crime by the relator only on information and belief. Whether it would be invalid if such were the case we need not determine, for the affidavit may fairly be construed as charging directly and positively the commission of the crime by the relator for which his extradition is sought.

2. It is further claimed that the copy of the affidavit was not duly certified as authentic by the demanding Governor. A certified copy of the affidavit, with other papers, was attached to the demand, the requisition warrant, and was certified as authentic in these words: "It appears from the annexed papers, duly authenticated in accordance with the laws of this state."

The statute (section 5278, supra) does not prescribe any particular form for the certificate of authentication. The purpose of requiring the certificate is to prevent the Governor of the state upon whom the demand is made being imposed upon by spurious charges of crime and to advise him of the genuineness of the copy of the indictment or affidavit. In the absence of any prescribed form, any statement, under the hand of the Governor and the seal of the demanding state, to the effect that the copy of the indictment or affidavit is genuine, is a sufficient certificate that it is authentic. Where the language of the requisition warrant shows the copy of the indictment or affidavit annexed thereto to be authentic, it is a sufficient compliance with the statute. State v. Bates, supra; Ex parte Dawson, 83 Fed. 306; 28 C. C. A. 354; Ex parte Sheldon, 34 Oh. St. 319; In re Manchester, 5 Cal. 237. In the last two cases cited the certificate was in the exact language as in the case at bar, namely: "It appears from the annexed papers, duly authenticated according to the laws of this state." We hold that the copy of the affidavit in this case, charging the relator with a crime, was properly certified as authentic by the Governor of South Dakota.

3. The only objection of the relator to the requisition papers meriting special consideration is that it does not appear from the requisition papers that the relator is a fugitive from justice. It is essential that it appear from the extradition papers that the relator is a fugitive from justice; but it is not necessary to state it in the indictment or affidavit charging the crime. The warrant of rendition in this case recites the demand of the Governor of South Dakota for the surrender of the relator as a fugitive from the justice of that state. This recital is a sufficient statement that the relator is a fugitive from justice, and places upon him the burden of showing that he is not; or, in other words, the warrant of rendition is presumptive, but

not conclusive, evidence that the person demanded is a fugitive from justice.   State v. Justus, 84 Minn. 237, 87 N. W. 770, 55 L. R. A. 325; Hyatt v. Corkran, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657.

We hold that the requisition papers in this case are sufficient to justify the surrender of the relator to the authorities of South Dakota.

It is therefore ordered and adjudged that the writ herein be and it is hereby discharged, and the relator remanded to the custody of the respondent, as sheriff, to be by him delivered to the agent named in the warrant of rendition.