## STATE EX REL. ERA BOND v. OTTO S. LANGUM.[1]

January 11, 1917.

Nos. 20,269—(311).

**Habeas corpus — order discharging relator appealable.**

1. An order discharging relator in a *habeas corpus* proceeding is appealable notwithstanding no stay was obtained in the court below.

**Extradition of prisoner — evidence necessary to offset warrant.**

2. To overcome the effect to be given the Governor's warrant in an extradition case, the evidence must clearly and satisfactorily demonstrate that the person therein named was not in the demandant state at or about the time the crime for which he is indicted was committed. The evidence is *held* not to come up to this measure of proof.

Upon the relation of Era Bond the district court for McLeod county granted its writ of *habeas corpus* directed to respondent as sheriff of Hennepin county. The matter was heard by Morrison, J., who denied respondent's motion to quash the writ and remand the prisoner to his custody, sustained the writ, and discharged the prisoner. From the order sustaining the writ, and discharging the prisoner, respondent sheriff appealed. Motion to dismiss appeal denied. Reversed.

*Lyndon A. Smith,* Attorney General, and *John M. Rees,* County Attorney, for respondent sheriff.

*Ernest S. Cary* and *C. J. Cahaley,* for relator.

PER CURIAM.

The Governor of Illinois issued a requisition to the Governor of this

[1]Reported in 160 N. W. 858.

state for Era Bond, the relator, who had been indicted by the grand jury of Cook county, Illinois, for the crime of grand larceny charged to have been committed in said county on or about November 7, 1915. After a hearing, the Governor of this state issued his warrant of rendition directing the respondent, the sheriff of Hennepin county, to apprehend relator and surrender him to the official agent of the state of Illinois as provided by law. The respondent took relator into custody by virtue of the warrant, but, by resort to the writ of *habeas corpus* in the state and Federal courts, relator has thus far prevented extradition. The last writ petitioned for was issued by Judge Morrison, judge of the judicial district adjoining that wherein relator was detained by respondent. Upon the hearing relator was discharged and the sheriff appealed to this court, where the matter has been heard *de novo* upon the testimony adduced before Judge Morrison and upon additional testimony taken and reported to this court by a duly-appointed referee.

Relator's motion to dismiss the appeal upon the ground that, since no stay was obtained from Judge Morrison, there is nothing before the court, relator is not in custody, and cannot be again apprehended must be denied. The statute (sections 8311 and 8312, G. S. 1913), gives the right of any party aggrieved to appeal from the final order in a *habeas corpus* proceeding in the same manner as other appeals are taken from the district court; and the appeal is to be heard and judgment rendered in this court the same as if the writ had originally issued here. If the judgment on appeal is contrary to the judgment below, the latter is necessarily reversed and set aside. It cannot be that the court below can render the right of appeal nugatory by omitting or refusing to grant a stay pending the appeal. That relator has been wrongfully discharged from the custody of respondent does not prevent the latter from again apprehending him under the warrant already in his hands. Haddox v. Richardson, 168 Fed. 635.

The only question presented by the testimony is whether it clearly appears that Era Bond is not a fugitive from justice, and that depends upon his absence from Illinois at a time when as principal or accessory he could have participated in the commission of the crime charged. Presumptively the Governor's warrant proves relator a fugitive. State v. Langum, 126 Minn. 38, 147 N. W. 708. What degree of proof is re-

quired to overcome this presumption was not there decided, but this rule stated in Munsey v. Clough, 196 U. S. 364, appeals to us as correct: "When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at the time, in the demanding state, then the court will discharge the defendant. Hyatt v. Cockran, 188 U. S. 691, affirming the judgment of the New York Court of Appeals, 172 N. Y. 176. But the court will not discharge a defendant arrested under the Governor's warrant where there is merely contradictory evidence on the subject of presence in or. absence from the state, as *habeas corpus* is not the proper proceeding to try the question of *alibi,* or any question as to the guilt or innocence of the accused." In McNichols v. Pease, 207 U. S. 100, Mr. Justice Harlan states: "When a person is held in custody as a fugitive from justice under an extradition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States."

We have considered the evidence before us and, applying to it the principles above stated, conclude that it does not clearly and satisfactorily appear that Era Bond is not a fugitive from justice, and he should be remanded to the custody of respondent.

The order appealed from is reversed, the writ quashed, and respondent is authorized and directed to retake said Era Bond into his custody under said warrant, but after so regaining the custody he shall not deliver said Bond to the agent of the state of Illinois for a period of 10 days thereafter. This provisional stay is ordered at the request of relator for the purpose of permitting him to obtain a review of this decision from the Supreme Court of the United States, should he be so advised.