STATE EX REL. NESTOR LIIMATAINEN v.
I. E. BOEKENOOGEN.[1]

April 19, 1918.

No. 20,919.

**Witness — testimony from memorandum — lack of independent recollection.**
    1. A witness may testify from a memorandum where he has no independent recollection of the facts even after seeing it, if he recollects having seen it before, and remembers that at the time he saw it he knew the contents to be true. Want of independent recollection, if obvious, need not be directly proved.

[1]Reported in 167 N. W. 301.

**Habeas corpus — warrant of extradition.**

2. A Governor's warrant of extradition presumably establishes: First, that the accused stands charged in proper form with a crime committed in the demanding state, and second, that the accused is a fugitive from justice.

**Same.— fugitive from justice — proof necessary.**

3. In determining whether the accused is a fugitive from justice, the court does not act on mere preponderance of evidence. It must be made clearly and satisfactorily to appear that he is not a fugitive from justice.

**Same — evidence.**

4. There is substantial evidence in this case that relator was in the demanding state within the period during which he is charged with commission of a crime.

**Same — not a question for Minnesota court.**

5. The question of his guilt or innocence is one for the courts of that state, and not for this court, to try.

Upon the relation of Nestor Liimatainen, the district court for Aitkin county granted its writ of habeas corpus, directed to I. E. Boekenoogen, as sheriff of Aitkin county, commanding him to have relator before the court commissioner for that county at the time specified. The sheriff made return that relator was under arrest as a fugitive from justice from the state of Ohio and detained because the Governor of Ohio had made requisition upon the Governor of Minnesota for his return to Ohio. The matter was heard before the court commissioner for that county, who made findings and discharged the prisoner. From the order of discharge, the sheriff appealed. Reversed.

*E. H. Krelwitz,* County Attorney, and *George C. Von Reseler,* for appellant.

*W. M. O'Hara,* for respondent.

HALLAM, J.

Relator stands indicted by a grand jury in Lake county, Ohio, of the crime of neglect and refusal to provide for his minor daughter "on the sixth day of February * * * one thousand nine hundred and ten * * * and from that day till the commencement of these proceed-

ings, to-wit, April 11, 1917." Relator was found in Minnesota. The Governor of Ohio made requisition upon the Governor of Minnesota for his apprehension and return as a fugitive from justice. The Governor of Minnesota honored the requisition and issued a warrant and relator was arrested by defendant, sheriff of Aitkin county. He procured a writ of habeas corpus and after hearing was discharged. Defendant sheriff appeals.

The complaining witness was formerly relator's wife. The child is the child of both. They were divorced in Ohio early in 1910 and the custody of the child given to the mother. By order pendente lite, and also by the terms of the decree, relator was required to pay stipulated amounts for the maintenance of the child. This fact is not of vital importance. The duty of support existed without decree or order of court. Perhaps the order and decree defined the limit of his duty.

1. For the purpose of proving when relator left Ohio, the state offered proof that he was there at the trial of the divorce suit and then offered the testimony of the presiding judge to prove the date of the trial. The judge produced the docket of his court containing notes or entries made by himself in the regular course of his duties, and testified that the entries as to this case were made by him on the day of the trial and that they are correct. He then testified that the docket shows that the entry granting a decree was made February 16, 1910, and from examination of the docket he testified that the trial could not have been at a time earlier than February 16, 1910.

Relator contends this use of the docket was improper. We think it was proper. A witness may use a memorandum where he has no independent recollection of the facts even after seeing it, if he recollects having seen it before and remembers that at the time he saw it he knew the contents to be true. Ammon v. Illinois Central R. Co. 120 Minn. 438, 139 N. W. 819; Costello v. Crowell, 133 Mass. 352; 1 Wigmore, Ev. §§ 725-734; 2 Elliott, Ev. § 372. That is really the situation in this case.

Relator contends that it was not made to appear that the judge had no independent recollection of the facts. But it is never necessary to show that by direct proof, if it is obvious he could have no independent recollection. Stahl v. City of Duluth, 71 Minn. 341, 349, 74

N. W. 143; Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564; Naas v. Chicago, R. I. & Pac. Ry. Co. 96 Minn. 84, 104 N. W. 717. This is obvious in this case. The evidence was properly received.

2. On receipt of the requisition it was the duty of the Governor to consider and determine: First, whether relator stands charged, in proper form, with a crime committed in Ohio, and second, whether he is a fugitive from the justice of that state. The Governor's warrant of extradition presumptively establishes the affirmative of both propositions. State v. Justus, 84 Minn. 237, 87 N. W. 770, 55 L. R. A. 325; State v. Gerber, 111 Minn. 132, 126 N. W. 482. If the extradition papers are regular on their face, every intendment is indulged in favor of their validity and the burden is on the prisoner to show that some one of the conditions of extradition prescribed by the statutes has not been met. Marbles v. Creecy, 215 U. S. 63, 30 Sup. Ct. 32, 54 L. ed. 92. This presumption is not conclusive. But it casts the onus on the accused.

There is no claim that the indictment is not in due form, nor that the offense charged is not an offense under the laws of Ohio. There is no showing that the offense charged is barred by any statute of limitations of Ohio. Relator has produced no such statute and the state asserts there is none. These questions are therefore not in the case.

3. The real question in the case is, whether the accused is a fugitive from justice. If he committed a crime in Ohio, then left the state and when sought was found in Minnesota, then he is a fugitive from justice. Relator claims he was not in Ohio when this offense is charged to have been committed. In considering that question we must bear in mind not only the prima facie effect of the Governor's warrant, but also the further principle that the court on habeas corpus in such cases does not act upon mere preponderance of evidence. The court will not discharge a defendant arrested under a Governor's warrant where the evidence is merely contradictory. "Habeas corpus is not the proper proceeding to try the question of alibi." Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. ed. 515. In the Munsey case it was intimated that the accused should not be discharged on habeas corpus unless it is "conceded, or * * * so conclusively proved, that no question can be made" that he was not within the demanding state when

the crime is said to have been committed. At least we must hold that it must be "made clearly and satisfactorily to appear that he is not a fugitive from justice." McNichols v. Pease, 207 U. S. 100, 28 Sup. Ct. 58, 52 L. ed. 121; State v. Langum, 135 Minn. 320, 160 N. W. 858.

4. The record does not really leave this question in doubt. The state is not confined to the dates charged in the indictment. It might prove the offense to have been committed before or after the dates charged. State v. Gerber, 111 Minn. 132, 126 N. W. 482. But we need not invoke so broad a rule. The evidence is substantial that relator was in Ohio on the first date charged in the indictment and for some time thereafter. It is conceded that he was in Ohio at the time the divorce suit was tried, and there is evidence that he was there somewhat later. There is some conflict, but the evidence of the trial judge seems to us quite decisive that the divorce case was tried after the first date charged in the indictment.

5. We do not consider the testimony of relator that, at the time he left Ohio, he had paid all amounts ordered by the court to be paid. That evidence pertains only to the question of guilt or innocence of the accused, a question that is for the Ohio court, and not for this court, to try. State v. Gerber, 111 Minn. 132, 126 N. W. 482.

Order reversed.