# STATE EX REL. ROY ROGERS v. E. J. MURNANE AND ANOTHER.[1]

## No. 26,413.

### October 14, 1927.

**When sheriff's failure to produce governor's original warrant of arrest is not ground for discharging fugitive from justice.**

1. The governor of Minnesota, upon the demand of the governor of South Dakota, issued his warrant of rendition for the relator, Roy Rogers, as a fugitive from the justice of South Dakota. He was taken into custody. A writ of habeas corpus was issued on his relation and on hearing was quashed. The original warrant of the governor was not produced at the hearing as the statute contemplates it shall be. No objection was made. The relator did not traverse the return of the sheriff which contained an alleged copy of the original warrant. In his verified petition for the writ the relator alleged that the governor's warrant had been issued and that he was in custody under it. It is *held* that the relator is not entitled to his liberty because of the absence of the original warrant.

**Fugitive from justice has burden of proving clearly he was not in the state demanding his return.**

2. There is evidence that the relator was in South Dakota at the time of the commission of the crime of robbery with which he was charged, and there is evidence that he was then in Wisconsin. The governor's warrant is presumptive evidence that the relator is a fugitive from justice, and the burden is upon the relator to show clearly and satisfactorily that he was not in the demanding state at the time of the crime. It is *held* that the relator is a fugitive from the justice of South Dakota.

### AFTER REARGUMENT.

### October 21, 1927.

**What constitutes compliance with federal statute.**

3. Under the federal statute requiring the affidavit to be made

[1] Reported in 215 N. W. 863.

before a magistrate of the demanding state, an affidavit entitled in the municipal court, subscribed before the deputy clerk thereof, the judge in his warrant of arrest appended thereto reciting that the complaint on oath was laid before him, is sufficient.

**Immaterial whether criminal charge is made by affidavit or complaint or information under oath.**

4. The warrant sufficiently states that the relator is a fugitive from justice, and it is not important whether the instrument charging him with crime is an affidavit or a complaint or information under oath.

Extradition, 25 C. J. p. 262 n. 35; p. 264 n. 63.
Habeas Corpus, 29 C. J. p. 73 n. 72; p. 77 n. 99; p. 78 n. 9; p. 81 n. 41, 47; p. 188 n. 14.

See note in 28 L. R. A. 289; 51 L.R.A.(N.S.) 669; 11 R. C. L. pp. 731, 732; 2 R. C. L. Supp. 1313; 4 R. C. L. Supp. 717; 5 R. C. L. Supp. 615; 6 R. C. L. Supp. 671.

Relator appealed from an order of the district court for Ramsey county, Boerner, J., quashing a writ of habeas corpus. Writ quashed.

*William M. Nash, Chester L. Nichols,* and *J. C. McCoy,* for relator.

*Christopher D. O'Brien, Jr.* County Attorney, *Claude Allen,* Assistant County Attorney, *W. W. Howes,* and *Leo Temmey,* for respondents.

DIBELL, J.

Upon the demand of the governor of South Dakota the governor of Minnesota issued his warrant for the rendition of the relator, Roy Rogers, as a fugitive from the justice of South Dakota. He was taken into custody. Upon his relation a writ of habeas corpus was issued by the Ramsey district court directed to E. J. Murnane, chief of police of St. Paul, who returned that he had delivered Rogers to the sheriff of Ramsey county on the governor's warrant. The sheriff, George H. Moeller, then returned that he held him in custody under the governor's warrant of rendition. The case was

tried on the writ and the return of the sheriff. The writ was quashed and the relator appealed.

1. The trial in this court on appeal is a trial de novo. G. S. 1923, §§ 9767, 9768. By stipulation the parties submitted the case on the testimony taken and proceedings had in the district court. The governor's original warrant is not produced as the statute contemplates it shall be. G. S. 1923, § 9746. What was alleged to be a true copy of the warrant is attached to the sheriff's return. There is no traverse of the return. In his verified petition for the writ the relator alleged that he was held on the governor's warrant issued upon the demand of the South Dakota authorities. There was no objection to the absence of the original warrant until after the submission of the case to this court by stipulation nor until the filing of the relator's brief. With the record so, the relator cannot urge successfully the failure to produce the original warrant as a ground for discharge from custody.

2. The question remaining is whether the relator is a fugitive from the justice of South Dakota. The warrant of the governor is presumptive evidence that he is, and the burden is upon the relator to prove clearly and satisfactorily that he is not.

The crime alleged is robbery committed in Huron, South Dakota, on June 8, 1927. The relator offered the testimony of four witnesses, in addition to that of his own, that he was then at a lake resort at Siren, Wisconsin. Three witnesses present at the robbery at Huron identify the relator as one of the participants.

No extended discussion is necessary. On interstate rendition the court does not try the issue of guilt or innocence. That is for the court of appropriate jurisdiction where the alleged crime was committed. Nor is the question of alibi one open for consideration if there is fair evidence that the relator was at the place of the crime at the time of it. These questions were considered by us in In re Sanders, 154 Minn. 41, 191 N. W. 391, where our prior cases are collected. There can be but one proper result. The writ should be quashed and the relator remanded to the custody of the sheriff.

Writ quashed.

AFTER REARGUMENT.

On October 21, 1927, the following opinion was filed:

DIBELL, J.

The relator was granted a rehearing that he might present certain claims not advanced at the prior hearing. He claims that the affidavit required by the federal statute to be produced by the executive authority of the demanding state was not made before a magistrate of South Dakota; and that the warrant only states that a demand has been made for the relator as a fugitive from justice, without stating that he is such fugitive, and does not state that he stands charged with a crime either by indictment or affidavit.

3. The statute of the United States, R. S. § 5278, U. S. Comp. St. § 10126, provides for the production by the demanding state of "a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed" etc. The affidavit produced by the authorities of South Dakota was subscribed and sworn to before the deputy clerk of the municipal court of Huron. The clerk or deputy clerk is not a magistrate. The affidavit is entitled in the municipal court. Appended to it is a warrant of arrest entitled in the municipal court, before the judge thereof, in which the judge recites: "Preliminary information and complaint upon oath having been this day laid before me by Leo A. Temmey that the crime of robbery in the first degree has been committed, and accusing William Barrington, * * * Roy Rogers, * * * thereof."

This we take to be "an affidavit made before a magistrate" within the meaning and requirement of the statute. We note judicially that clerks in municipal courts commonly take the oaths of those complaining of the commission of a crime and upon them the judges issue warrants of arrest. The proceeding leading to the arrest was in a proper municipal court before its judge. The case of In re Keller (D. C.) 36 F. 681, 684, is directly controlling. The facts vary but little. It may be said here as it was said there that "it appears that this affidavit was taken in the municipal court, made

before the court, made in presence of the presiding officer or magistrate. 'Before' means 'in presence of.' "

4. Under our prior holdings, which we think accord with federal and other state holdings, the warrant sufficiently, though not so directly as it might, states that the relator is a fugitive from the justice of South Dakota; and it is not important whether the sworn instrument charging him with a crime in South Dakota is in form an affidavit or as here a complaint or information under oath. All these matters are sufficiently considered in State ex rel. Arnold v. Justus, 84 Minn. 237, 87 N. W. 770, 55 L. R. A. 325; State ex rel. Grande v. Bates, 101 Minn. 303, 112 N. W. 260; State ex rel. Denton v. Curtis, 111 Minn. 240, 126 N. W. 719; In re Sanders, 154 Minn. 41, 191 N. W. 391.

The additional points made upon the rehearing do not call for a different result.

Writ discharged.