## STATE EX REL. JOSEPH WEBSTER, ALIAS JOSEPH HOGAN, v. GEORGE MOELLER.[1]

March 14, 1934.

No. 29,978.

[1]Reported in 253 N. W. 668.

194

 

*Allan M. McGill,* for relator.

*Harry H. Peterson,* Attorney General of Minnesota, *Roy C. Frank,* Assistant Attorney General of Minnesota, *J. E. Finnegan,* Attorney General of Wisconsin, and *Charles M. Pors,* District Attorney, Wood County, Wisconsin, for respondent.

*DEVANEY, Chief Justice.*

*Habeas corpus* proceedings instituted against George Moeller, sheriff of Ramsey county, challenging his right to retain the body of Joseph Webster, *alias* Joseph Hogan, relator herein.

Relator was arrested by George Moeller at the request of authorities of Wood county, Wisconsin, who hold a warrant for Webster's arrest. He is charged with murder and burglary. The warrant for his arrest was issued upon a sworn complaint of the district attorney of Wood county, Wisconsin, the same being signed upon information and belief. Proper requisition papers, executed by his excellency the governor of the state of Wisconsin, were presented to his excellency the governor of Minnesota. On January 26, 1934, Ann Egan, extradition clerk in the office of the governor of Minnesota, apparently in accordance with her usual practice, signed the governor's extradition warrant with the governor's name. Shortly thereafter relator demanded a hearing. The extradition warrant signed by Ann Egan thereupon was suspended by her and a hearing ordered. The governor was absent from his office on these two occasions. The subsequent hearing, however, was had before the governor in person. After the hearing he directed Miss Egan to reinstate the extradition warrant to which she had first signed the governor's name but later had suspended. The evidence taken before a referee in this *habeas corpus* proceeding was confined by counsel to the question as to how and by whom the governor's warrant was signed.

Relator raises three questions:

(1) Is a complaint upon information and belief sufficient in extradition proceedings?

(2) Is relator a fugitive from justice?

(3) Is the extradition warrant invalid because not personally signed by the governor?

■ There is no merit in the first contention. Extradition proceedings between states are authorized by act of congress. 18 USCA, § 662, Mason U. S. Code, Title 18, § 662. That act provides that when certain other requirements are met the governor of the asylum state shall issue a warrant of extradition upon there being produced by the demanding state "a copy of an indictment found or an affidavit made before a magistrate." While in the case at bar the paper attached to the requisition papers forwarded by the governor of Wisconsin is styled a "complaint" and is sworn to on information and belief, it is acknowledged and notarized and is sworn to by Charles M. Pors, district attorney for Wood county, Wisconsin. This is such an affidavit as meets the requirements of the above quoted portion of the act of congress. An indictment signed by a foreman as "a true bill" attached to requisition papers has been held sufficient to allow the issuance of an extradition warrant. State ex rel. Arnold v. Justus, 84 Minn. 237, 238, 87 N. W. 770, 55 L. R. A. 325. A very analogous case to the one at bar is that of State ex rel. Nemec v. Sheriff of Hennepin County, 148 Minn. 484, 181 N. W. 640, where a complaint, sworn to and filed in municipal court of Chicago upon which a warrant was issued, similarly was held sufficient. The court of this state has no concern as to the sufficiency of this complaint as a pleading in the Wisconsin courts.

■ There was no evidence taken before the referee as to whether relator was a "fugitive from justice" within the aforementioned act of congress (18 USCA, § 662; Mason U. S. Code, Title 18, § 662) so as to be subject to extradition. It is firmly established in this state that the fact that a man is *not* a fugitive from justice must be clearly proved. The issuance of the governor's warrant raises a presumption that the person demanded is a fugitive from justice and is not overcome unless competent evidence to the contrary is introduced. In re Sanders, 154 Minn. 41, 191 N. W. 391, and cases

therein cited; State ex rel. Davenport v. Brown, 162 Minn. 520, 203 N. W. 226. . There was in the instant case no evidence to rebut such a presumption.

■ The only other question in this case is whether the warrant is invalid because not signed by the governor himself, but signed by his clerk. The above cited act of congress (18 USCA, § 662; Mason U. S. Code, Title 18, § 662) merely requires the governor of the state into which the fugitive has come to "cause him to be arrested," "to cause notice of the arrest to be given to the executive authority [of another state] making such demand," and "to cause the fugitive to be delivered." 2 Mason Minn. St. 1927, § 10542, in referring to the extradition warrant, provides that when certain conditions exist "the governor shall *issue* his warrant under the seal of the state." It can thus be seen that nowhere is the governor specifically required to sign the warrant. "Issue" means the act of sending out or causing to go forth; delivery. Webster, New International Dictionary (1932) ; see also American Bridge Co. v. Wheeler, 35 Wash. 40, 76 P. 534; Barth v. Burnham, 105 Wis. 548, 81 N. W. 809; Dubbs v. Lehman, 100 Fla. 799, 130 So. 36; Ellis v. Jonesboro Trust Co. 179 Ark. 615, 17 S. W. (2d) 324. Though the word has other meanings, it seems that this must have been the one intended by the legislature when it enacted this law. Certainly it could not have been intended by the use of this word that the governor was to sign personally every warrant.

In the instant case the original warrant was quashed and was not reinstated until a hearing was had, and then was reinstated only at the express direction of the governor. Such express direction is sufficient even though the governor did not actually sign the warrant. We refrain from expressing an opinion as to whether, if there had been no such specific direction, the warrant would be valid. The question now before this court has arisen in other states. In In re Payne, 7 Ohio Dec. (Reprints) 288, it was stated that an extradition warrant would be valid if it were in evidence that the governor had directed his private secretary to affix his signature thereto. In the case of In re Tod, 12 S. D. 386, 81 N. W. 637, 47 L. R. A. 566, 76 A. S. R. 616, it is stated that an extradition warrant will not

be valid unless issued by the governor, for such a power is one that cannot be delegated. This case does not say, however, that the governor must sign the same if he has ordered it to be issued. Of interest also are the following cases: Ex parte Pelinski (Mo. Sup.) 213 S. W. 809; Ex parte Flournoy, 310 Mo. 355, 359, 275 S. W. 923; State ex rel. Redwine v. Selman, 157 Tenn. 641, 646, 12 S. W. (2d) 368; In re Craig, 7 Ohio N. P. (N. S.) 307. Because of the hearing that was had and the governor's direction to Ann Egan to reinstate the warrant, the instant case does not involve a situation where the governor delegated his power as such, but presents merely a case where he requested another to perform the clerical work of affixing his name to the warrant. Hence we do not now pass upon what the result would be if the clerk had issued the warrant without the governor's knowledge or direction.

Let the writ be quashed.

