## STATE v. JOHN LIMBERG.

142 N. W. (2d) 563.

April 22, 1966—No. 39,737.

*Edward R. Kenneally,* for appellant.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court discharging a writ of habeas corpus.

In August 1964, the governor of the State of Michigan instituted extradition proceedings against John Limberg. The requisition warrant alleged that Limberg was a fugitive from justice in that he had been charged with having committed forgery at Grand Rapids, Michigan, on or about May 12, 1964, together with John Hindenach and Lorraine Faye Hoffman; that he had been present in the State of Michigan at the time the alleged crime was committed; and that he had fled therefrom. The requisition warrant was accompanied by (a) a certified copy of a criminal complaint sworn to by Clair Durfey, a deputy sheriff, before the police court of Grand Rapids, Michigan; (b) an affidavit of the same Clair Durfey; and (c) a certified copy of a criminal warrant issued by the Grand Rapids Police Court.

The governor of Minnesota recognized this demand for extradition and authorized the arrest and detention of Limberg who was then in the custody of the sheriff of Hennepin County pursuant to a fugitive warrant issued on complaint by the municipal court for the city of Minneapolis.

Appellant petitioned the District Court of Hennepin County for a writ of habeas corpus challenging the validity of the extradition. The writ was issued but, after a hearing, discharged.

In State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 135 N. W. (2d) 447, we said that four requisites to valid extradition are the following:

(1) The demand for extradition and the warrant issued in response to it are in proper form.

(2) The criminal charge pending in the demanding state is adequate to support extradition.

(3) The person seeking relief from extradition is identical with the person named in the demand.

(4) The person confined by virtue of the extradition warrant was actually present in the demanding state at the time the offense was committed or, if not, did perform an act outside of the demanding state intending that the result be the accomplishment of a crime in such state.

Appellant contends that two of these requisites are lacking because (1) the demand for extradition failed to satisfy the statutory directive that it be accompanied by an affidavit made before a magistrate, and (2) the testimony of appellant at the habeas corpus hearing established his absence from Michigan on May 12, 1964, or at any time thereafter.

■ Minn. St. 629.03 provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless * * * accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by *a copy of an affidavit made before a magistrate there, * * *.*" (Italics supplied.)

Michigan's demand for extradition was not accompanied by a copy of either an indictment or an information. The affidavit of Clair Durfey describing the nature of the appellant's complicity in the alleged offense is insufficient since it was not made before a magistrate. Thus, appellant argues that the demand was not in proper form and was improperly recognized by the governor of Minnesota.

However, an examination of the accompanying complaint reveals that it satisfies the affidavit requirement since it was sworn to before a judge of the Grand Rapids Police Court. This conclusion is consistent with State ex rel. Grande v. Bates, 101 Minn. 303, 112 N. W. 260; State ex rel. Denton v. Curtis, 111 Minn. 240, 126 N. W. 719; State ex rel. Nemec v. Sheriff, 148 Minn. 484, 181 N. W. 640; and State ex rel. Webster v. Moeller, 191 Minn. 193, 253 N. W. 668, all of which hold

that a verified complaint satisfies the substantially identical affidavit requirement of Federal law.[1]

In this connection appellant also challenges the sufficiency of the accompanying papers to satisfy the affidavit requirement because the statements of the affiant Clair Durfey in either the complaint or the separate affidavit are obviously hearsay and are based upon the uncorroborated testimony of alleged accomplices to the crime. We find no merit in this contention since the statute does not require that the requisite affidavit be based upon personal knowledge[2] and, in any event, the question of whether or not the demanding state has sufficient evidence to convict an alleged fugitive from justice cannot be considered in an extradition proceeding.[3]

■ According to the testimony given by appellant at the hearing below, he left Minneapolis on May 11, 1964, with John Hindenach in the latter's automobile bound for the World's Fair in New York. They reached South Bend, Indiana, and parted company. Hindenach told ap-

---

[1] See 62 Stat. 822, 18 USCA, § 3182, which provides in part: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, *and produces a copy of an indictment found or an affidavit made before a magistrate* of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear." (Italics supplied.)

[2] In State ex rel. Webster v. Moeller, 191 Minn. 193, 253 N. W. 668, we held that a complaint sworn to by the prosecuting attorney on information and belief satisfied the affidavit requirement.

[3] Minn. St. 629.20 provides: "The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form, as provided, shall have been presented to the governor, except as may be involved in identifying the person held as the person charged with the crime."

pellant that he was going to Grand Rapids, Michigan, and took appellant to the South Bend bus depot. Appellant remained at the bus depot for some time "trying to figure out whether I would hitch-hike back to Minneapolis or whether I could talk Hindenach into giving me a ride back to Minneapolis." At some later time Hindenach returned and the two continued on their trip to New York. Appellant denied having been in Michigan on May 12 or at any time thereafter.

Appellant's was the only testimony before the district court.

The district court rejected appellant's claim of absence from the State of Michigan at the relevant times because (a) the claim raised the question of guilt or innocence which is not cognizable in an extradition proceeding; (b) the extradition papers taken together made an adequate showing of the appellant's presence in Michigan; and (c) "the court is not impressed with the testimony in evidence of relator."

A statement of these established principles serves to highlight the precise issue to be decided here:

(a) Where, as here, the person is described in the demand for extradition as a fugitive from justice rather than as a person charged with "committing an act in this state, or in a third state, intentionally resulting in a crime in the state, whose executive authority is making the demand,"[4] the presence of the person in the demanding state at the time the alleged offense was committed is a vital condition to the validity of the extradition proceedings.[5]

(b) While, as noted above, the asylum state has no power to inquire into the guilt or innocence of the person whose extradition is demanded, and while proof of absence from the demanding state at the time the alleged offense was committed necessarily involves facts that would constitute an alibi, it is generally held that a person confined pursuant to an extradition warrant may, in a habeas corpus proceeding, assert his absence from the demanding state as a fact defeating the power of the asylum state to render him.[6] There is a distinction, though often

[4] See, Minn. St. 629.06.

[5] See, State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 135 N. W. (2d) 447; and cases collected in Note, 31 Minn. L. Rev. 703, at 706, 707.

[6] See, State ex rel. Bond v. Langum, 135 Minn. 320, 160 N. W. 858;

subtle, between proof of absence from the state for purposes of negativing the condition of extradition and proof of an alibi as such for purposes of establishing innocence.

(c) The bare assertion of the person whose extradition is sought that he was not present in the demanding state will be of no avail in the absence of evidence since the rendition warrant of the governor of the asylum state is itself presumptive or prima facie proof of his presence.[7]

(d) Where the person whose extradition is sought does present evidence of his absence from the demanding state, the presumptive effect of the rendition warrant places the burden upon him to prove his absence.[8] That burden is a strenuous one, not being satisfied by a mere preponderance of the evidence,[9] but requiring evidence that "clearly and satisfactorily"[10] or "conclusively"[11] proves absence. Conversely stated, "the question of alibi is not open for consideration if there is fair evidence that the appellant was at the place of the crime at the time of it."[12]

An example of the effect of this burden of proof in operation is In re Sanders, 154 Minn. 41, 191 N. W. 391, where we held that the testimony of one North Dakota witness was not overborne by that of the nine or ten disinterested and credible witnesses presented by relator even though all of the latter testified that relator was in St. Paul on the day of an alleged robbery in North Dakota. The imposition of such a severe burden of proof on the relator is no doubt the result of a reluc-

State ex rel. Liimatainen v. Boekenoogen, 140 Minn. 120, 167 N. W. 301; State ex rel. Rogers v. Murnane, 172 Minn. 401, 215 N. W. 863; and cases collected in Annotations, 51 A. L. R. 797 and 61 A. L. R. 715.

[7] See, State ex rel. Arnold v. Justus, 84 Minn. 237, 87 N. W. 770, 55 L. R. A. 325; State ex rel. Denton v. Curtis, 111 Minn. 240, 126 N. W. 719.

[8] See, In re Sanders, 154 Minn. 41, 191 N. W. 391; State ex rel. Rogers v. Murnane, 172 Minn. 401, 215 N. W. 863; and cases collected in Annotation, 51 A. L. R. 804 to 811.

[9] See, State ex rel. Liimatainen v. Boekenoogen, *supra.*

[10] The "clear and satisfactory" standard is drawn from People ex rel. McNichols v. Pease, 207 U. S. 100, 28 S. Ct. 58, 52 L. ed. 121.

[11] The "conclusive" standard is drawn from Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. ed. 515.

[12] State ex rel. Rogers v. Murnane, 172 Minn. 401, 403, 215 N. W. 863, 864.

tance to disturb the finding of the executive, implicit in the issuance of the rendition warrant, that the relator was in fact present in the demanding state.

It is noted that in every case in this jurisdiction where the relator attempted to prove his absence from the demanding state, some contradictory testimony, though at times meager, was presented. This brings us to the precise question presented by this appeal: Is the presumptive effect of the rendition warrant when supported by affidavits accompanying the demand for extradition sufficient in itself to repel the positive testimony of the appellant that he was not present in the demanding state?[18] Stated another way: When the appellant takes the stand, and, while under oath and subject to cross-examination, positively declares that he was not present in the demanding state, must the demanding state present some testimony to contradict that declaration or may it merely rest upon the extradition papers and the affidavits therein?

We agree that no useful purpose is served by unduly restricting extradition since the ultimate question of guilt or innocence can only be determined in the demanding state. Nevertheless, having in mind the expense, inconvenience, and jeopardy involved in defending against a criminal charge in another state, we hold that where an appellant positively and unequivocally testifies that he was not present in the demanding state at the time of the alleged offense, that state must present some testimony that will be subject to cross-examination by appellant's counsel to support the allegation that he was present. This ruling places but little burden upon the demanding state because our decisions require only slight evidence to support the rendition warrant.

We note from appellant's petition for habeas corpus that the claim of absence from the demanding state was not clearly stated and perhaps did not give notice to Michigan of his intention to offer testimony on the question. We, therefore, remand this case to the district court with directions to vacate the order discharging the writ and to allow the State of Michigan 30 days from receipt of this court's remittitur to supply the

---

[18] Cases from other jurisdictions which seem to answer this question in the affirmative include Germain, Petitioner, 258 Mass. 289, 155 N. E. 12, 51 A. L. R. 789, and Ex parte Hatfield, 90 Tex. Cr. 293, 235 S. W. 591.

testimony required by this opinion. If satisfactory testimony is supplied within that period, the writ of habeas corpus should be discharged. If satisfactory testimony is not provided within that period, the appellant should be released.

Remanded to the district court with directions to proceed in accordance with this opinion.