# STATE OF WISCONSIN v. JERRY SARGENT.

173 N. W. (2d) 457.

January 9, 1970—No. 41894.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron* and *Eric Miller,* Special Assistant Attorneys General, for appellant.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Graff, JJ.

OTIS, JUSTICE.

The State of Wisconsin has secured a warrant from the gov-

ernor of Minnesota to extradite defendant for purposes of standing trial in Douglas County, Wisconsin, on a charge of having committed a burglary on November 14, 1968. Defendant applied for a writ of habeas corpus to contest his detention, and a hearing was had in the district court on the single issue of whether or not defendant was present in the State of Wisconsin on November 14, 1968, the date of the offense. The trial court held that the State of Wisconsin had failed to prove his presence on that date and released him from custody. The State of Wisconsin appeals.

At the habeas corpus hearing, a police officer from Superior, Wisconsin, testified that on the morning of November 14, 1968, at about 3 a. m., he and another officer were in a suburb of Superior when they noticed a car, with its lights out, parked behind a restaurant, on the wrong side of the street. A group of men who were standing around the car thereupon entered the car and started to drive off when the police stopped them. The officers flashed their lights on the driver, who got out of the car and conversed with them for about 10 minutes. An officer identified the driver as the defendant in this case and said he had made a record of the occurrence at the time. There were five occupants of the car, two of whom were also implicated in the burglary. Within an hour or so after the incident, the officer had an inquiry from police headquarters as to whether defendant had been in the area on that particular morning.

On behalf of defendant, one Marlene Pate testified that she had been living with defendant since September 1968 and that she was with defendant in a Minneapolis bar on the night of November 13 and in the early morning of the 14th. She admitted that she had been drinking beer all evening and was under the influence of alcohol.

One Louis Lenoir testified that he had also spent the evening in the same bar with defendant from about 7:30 until 11:30. He also acknowledged that he was "about half-tanked up."

Defendant himself took the stand and said he had been work-

ing as a doorman at the bar the night of November 13 and morning of November 14. However, no evidence from his employer was introduced to corroborate this testimony. He admitted that he was an acquaintance of two of the occupants of the automobile who were also charged with the crime of burglary, but denied that he was in Wisconsin on the date of the crime.

At the conclusion of the testimony, the trial court found "that there is a question as to whether or not the defendant was in Superior at the time indicated," and granted the writ of habeas corpus. At the request of the State of Wisconsin, a final decision was deferred until the following Monday at which time the court held "that the proof is not sufficient to warrant the Court upholding the Rendition Warrant and the Writ of Habeas Corpus will be granted."

The law governing extradition hearings is fully set forth in State v. Limberg, 274 Minn. 31, 142 N. W. (2d) 563. There, we said that one who is held under an extradition warrant has a right to a hearing on the issue of whether he was in the demanding state at the time of the offense. With respect to the burden and degree of proof, we held (274 Minn. 36, 142 N. W. [2d] 566) :

"Where the person whose extradition is sought does present evidence of his absence from the demanding state, the presumptive effect of the rendition warrant places the burden upon him to prove his absence. That burden is a strenuous one, not being satisfied by a mere preponderance of the evidence, but requiring evidence that 'clearly and satisfactorily' or 'conclusively' proves absence. Conversely stated, 'the question of alibi is not open for consideration if there is fair evidence that the appellant was at the place of the crime at the time of it.' "

We do not agree that defendant has sustained by the degree of proof required his burden of establishing his absence from the State of Wisconsin on the date of the offense. There was ample opportunity for the police to observe defendant outside of the automobile on the morning of November 14 aided by head-

lights and a spotlight. An officer made a record of the event, and inquiry was made of him concerning defendant's whereabouts within an hour or so of the incident. Defendant admitted knowing the accomplices identified by the officer as passengers in the same car on the night of the burglary. No attempt was made to corroborate by employment records the testimony that defendant was on duty that night, and his alibi was not otherwise so reliable and persuasive that the presumptive effect of the rendition warrant and the testimony of the officer can be said to have been rebutted. We therefore hold that the writ of habeas corpus should have been quashed and the extradition granted.

Reversed.