STATE EX REL. LESTER LLOYD LYON v. DALE PETERS.

185 N. W. (2d) 272.

March 19, 1971—No. 41994.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *Darrell C. Hill,* Special Assistant Attorney General, for respondent, county sheriff.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an extradition proceeding where, in response to a demand by the governor of the State of Iowa, the governor of this state has issued a rendition warrant. Petitioner is charged with writing a check for $20 on a bank in which he had no account. The trial court ordered a writ of habeas corpus discharged, and this appeal followed.

The only issue is whether petitioner has sustained his burden of proving by clear and satisfactory evidence that he was not present in the State of Iowa at the time of the offense on October 1, 1968.

The question is a close one and we would be better satisfied had the State of Iowa provided testimony to rebut petitioner's claim he was not present in that state when the offense was committed. However, we have concluded that the evidence presented by petitioner is not so persuasive that it overcomes the presumptive effect of the rendition warrant. We therefore affirm.

Petitioner was a patient in the Veterans Hospital in Sioux Falls, South Dakota, during the latter part of September 1968. He was being treated for chronic alcoholism. Having left the hospital on an overnight pass, he appeared in Blue Earth, Minnesota, a week later and sought from the sheriff assistance in recovering from the effects of an extended drinking bout. Thereupon, he was charged by the Iowa authorities with having written a check for $20 on a bank in Hampton, Iowa, where he had no account.

Petitioner resisted extradition by asserting that he had no recollection of being in Hampton on October 1, 1968, when the check was written. He argued that there was no reason for his being there since he had no connections in that community, and there was no particular purpose in his going that far to do his drinking. It was his testimony that he had been continually drunk after leaving the hospital and that it was his habit never to drive while under the influence. Hence there were no means by which he could have reached Hampton on the day in question. He supported his claim of innocence by describing an incident when he had been arrested in Rochester for forgery and released

after it developed that somone else had been writing checks in his name.

Since there is a ring of truth to petitioner's testimony, and he is being sought for an offense which in Minnesota is only a misdemeanor under Minn. St. 609.535, we have some reluctance in affirming. Under the circumstances it would not have been an unreasonable burden for the State of Iowa to produce the witness, residing only 90 miles away, who could either exonerate or identify petitioner as the person who issued the worthless check. Nevertheless, the rules governing extradition articulated in State v. Limberg, 274 Minn. 31, 142 N. W. (2d) 563, impose on petitioner an onerous burden in order to rebut effectively the presumptions raised by the warrant. The case before us is one which, under our interstate compact with the State of Iowa, requires the governor of Minnesota to honor the demand for extradition, notwithstanding the offense is not a felony in Minnesota. Since the guilt or innocence of the petitioner is not the concern of the Minnesota authorities and because he could not unequivocally deny his presence in Iowa during his extended state of intoxication, we hold that it was proper for the trial court to deny the petition for a writ of habeas corpus.

Affirmed.