**STATE of Minnesota, Respondent,**

v.

**James Henry BABB, Appellant.**

**No. CX–86–1296.**

Court of Appeals of Minnesota.

Oct. 7, 1986.

Review Denied Nov. 26, 1986.

A. Keith Hanzel, Asst. Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Minn. Atty. Gen., Thomas Foley, Ramsey County Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK, and NIERENGARTEN, JJ., without oral argument.

## OPINION

NIERENGARTEN, Judge.

In response to a petition by the Governor of the State of California, the Governor of this state issued a rendition warrant for the surrender of James Henry Babb to California authorities for trial on charges of murder and attempted murder. Babb petitioned for writ of habeas corpus in extradition which the trial court denied. Babb appeals claiming he proved his absence from California at the time of the crimes. We affirm.

## FACTS

On May 12, 1986, the Ramsey County Attorney prepared a fugitive from justice complaint against appellant James Henry Babb regarding crimes committed in the State of California on May 12, 1985. He had been arrested three days earlier on an unrelated charge. The subsequent request and grant of a rendition warrant resulted in Babb's petition for writ of habeas corpus which was heard on July 24, 1986.

At that hearing, Babb testified that at the time of the California crimes he was intoxicated and on a bus in either Utah or Colorado travelling to St. Paul for chemical dependency treatment. He claimed he left Los Angeles on May 11, 1985 between 5:00 and 7:00 p.m.

Babb's sister testified she received a telephone call on May 12, 1985 from Babb's wife in Los Angeles that Babb had left and was intoxicated, and another call the following day inquiring whether Babb had arrived in St. Paul. The sister's phone bill showed calls from California on those dates. The sister also testified she received a call from Babb en route on May 13, 1985 but there is no record of that phone call.

The sister stated she picked up Babb at the St. Paul bus depot on May 14, 1985. An investigator with the Ramsey County Public Defender's office testified that the average travel time from Los Angeles to St. Paul by bus was 2½ to 3 days.

At a later continued hearing Detective Jerry C. Johnson of the Los Angeles Police Department described his preparation of a photo line-up used by a victim of one of the crimes to identify Babb as the assailant. The victim, Aaron Flournoy, had originally claimed he was shot by John Hayes, Babb's cousin. After Hayes' alibi was established, Babb's photo was placed in the line-up.

On July 29, 1986, the trial court issued its order dissolving Babb's petition and approving his extradition to California because of Babb's failure to prove his absence from California when the crimes occurred.

## ISSUE

Did the trial court err in finding Babb had not clearly and conclusively proved his absence from California on May 12, 1985?

## ANALYSIS

The Minnesota Supreme Court established the proper procedure in writ of habeas corpus in extradition matters.

[W]here an appellant positively and unequivocally testifies that he was not present in the demanding state at the time of the alleged offense, that state must present some testimony that will be subject to cross-examination by appellant's counsel to support the allegation that he was present.

*State v. Limberg,* 274 Minn. 31, 37, 142 N.W.2d 563, 567 (1966).

Babb did positively and unequivocally testify he was outside California when the crimes occurred. The State then offered the testimony of detective Johnson of the Los Angeles Police Department who, on cross examination, stated the victim had originally told officers at the scene that Babb's cousin Hayes was the assailant and only implicated Babb in photos after Hayes was eliminated as a suspect. Johnson admitted he had no personal knowledge of Babb's presence in California on May 12, 1985. That cross-examination was sufficient to apprise the trial court of relevant facts and presented Babb a meaningful opportunity to discredit the State's evidence.

Babb did not rebut the State's evidence of his presence in California on May 12, 1985. He barely recalls boarding the bus in Los Angeles and he did not possess a bus ticket stub to confirm his departure. His telephone conversations with his sister do not establish his presence outside California at the time of the crimes. Because only slight evidence is required to support the presumptive effect of a rendition warrant, we conclude the trial court did not err in finding Babb did not meet his strenuous burden of conclusively proving his absence. *See Limberg,* 274 Minn. at 36–37, 142 N.W.2d at 566–67 ("burden is a strenuous one, not being satisfied by a mere preponderance of the evidence"); *State ex rel. Campbell v. Tahash,* 261 Minn. 252, 259, 112 N.W.2d 37, 41 (1961) (finding that petitioner failed his burden of proof should be affirmed unless clearly erroneous).

## DECISION

The trial court properly approved Babb's extradition to California.

Affirmed.